**The Bardwick Agency, Incorporated, Plaintiff-Appellee, v. Ralph William Hale, Defendant-Appellant.**

**Gen. No. 48,457.**

First District, Second Division.

June 30, 1961.

Irving Goodman, of Chicago, for appellant.

Lyle & Havey and Burton Evans, of Chicago, for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from an order granting a temporary injunction to the plaintiff insurance agency restraining its former manager from violating the terms of a negative covenant. A prior appeal was dismissed by this Court for the reason that the Chancellor's order was not an appealable order. Bardwick Agency v. Hale, 29 Ill App2d 149, 172 NE2d 638. The case went back to the Superior Court and the defendant was permitted to file an additional and supplemental answer to which the plaintiff filed a reply. Once again, the temporary injunction order was entered without a hearing, and this appeal followed.

The defendant had been employed by the co-partnership, John Bardwick, Jr., the predecessor to the plaintiff corporation, since April 26, 1946. On November 23, 1951, the parties entered into a new agreement whereby the defendant was hired as manager of the insurance agency. The agreement provides that either party may terminate the agreement by thirty days' written notice to the other, but that if the plaintiff terminated the agreement, it would pay the defendant "an amount equal to his share of the commissions (as provided for herein) for the six months

76

succeeding such termination date." Defendant was to receive as his compensation a sum equal to thirty per cent of all the commissions received by the agency, except life insurance, and a special rate on fire and extended coverage insurance. The agreement further contained the following provision which is the subject of this litigation:

> "7. Said party of the second part agrees that in the event of the termination of this Agreement, for a period of five years after such termination, he will not engage either directly or indirectly in the insurance business in the South Cook County area, which area is hereby defined and described as all of that portion of Cook County, Illinois which lies south of 95th Street. Without limiting the foregoing, the party of the second part shall not in any event solicit either personally, by telephone, by any means of advertising or by or through any agent or broker, insurance policies on any property located in said area or insurance business from any assured residing in or whose place of business is located in such area."

On January 2, 1952, the agreement was amended to provide for the substitution of the plaintiff corporation, which assumed all obligations and responsibilities undertaken in the prior agreement.

On February 8, 1960, the plaintiff corporation exercised its right to terminate the agreement and informed the defendant that he was discharged. At the end of March 1960, the defendant proceeded to open up his own agency, the "Ralph Hale Insurance Agency", at 148 W. 154th Street, Harvey, Illinois and has advertised his business in the Harvey Tribune. This agency is located in Cook County, south of 95th Street.

On April 11, 1960, the plaintiff filed its complaint to enjoin the defendant from engaging in the insur-

ance business within the restricted area. The plaintiff alleged that "defendant has retained certain client or customer records belonging to plaintiff which set forth expiration dates on divers insurance policies." It alleged that the "plaintiff has and will continue to suffer irreparable damage and injury to his business unless this defendant is enjoined and restrained, both pendente lite, and permanently from engaging either directly or indirectly in the insurance business in the South Cook County area . . .". It prays that the defendant be restrained from engaging in the insurance business within the area and from soliciting insurance policies on any property located in said area or insurance business from any insured residing in, or whose place of business is located in such area.

Defendant denied that he had access to plaintiff's list of clients, or that he has records or customer cards belonging to the plaintiff. He denies the allegation of irreparable damage to the plaintiff, and states that the restrictive covenant is an undue hardship on the defendant and is greater than necessary to protect the plaintiff, particularly where there are more than six hundred insurance brokerage firms in the area of Cook County, south of 95th street.

The question before us is whether the temporary injunction was properly granted. This was granted, as we have said, without a hearing. The allegation in the complaint that the defendant had retained customer lists and records was controverted. The allegation of irreparable injury was denied. There was no allegation that the defendant had solicited the plaintiff's customers.

■ Ordinarily, a temporary injunction is granted as a matter of emergency, and cannot be predicated solely upon the pleadings where the material factual issues are controverted. McFetridge v. The First Commercial Bank, 28 Ill App2d 512, 523–4, 171 NE2d 791.

■ There is also some question as to whether the scope of the restricted area is excessive. The defendant admits that the plaintiff has serviced numerous residents of the City of Harvey, but denies that the plaintiff has serviced other residents in the South end of Cook County and denies that the plaintiff is well known for its insurance, or is well known for its conduct by residents South of 95th Street in Cook County, Illinois. "A promise by the employee not to do business in a territory exceeding that in which the employer does business, or not to do business with a class of people with whom the employer is not concerned, is excessive." 6 Corbin on Contracts, sec 1394, p 517.

■ It is clear from the foregoing citation of authorities that the injunction was improvidently granted. The plaintiff did not allege facts showing that a change in status would cause irreparable injury and the allegation that the defendant had access to its list of clients or that he has records or customer cards belonging to the plaintiff was controverted. The scope of the restrictive covenant is alleged to be excessive and unnecessary for the plaintiff's protection. Accordingly, the order granting the plaintiff a temporary injunction is reversed.

Order is reversed.

FRIEND, P. J., and BURKE, J. concur.