**Nell Riddle, Plaintiff-Appellant, v. City of Marion, Illinois, a Municipal Corporation, Defendant-Appellee.**

Gen. No. 63-O-5.

Fourth District.

October 24, 1963.

Ralph W. Harris, of Marion, for appellant.

Franklin, Garrison & Bleyer, of Marion (Norbert Garrison, of counsel), for appellee.

HOFFMAN, JUSTICE.

This is a suit for personal injuries arising out of plaintiff's falling upon defendant's sidewalk.

Pursuant to Section 1-4-2 of the Municipal Code, plaintiff served a notice of her injury upon the City, but she gave the date of the injury as October 5, rather than September 5, 1961, the correct date. Her complaint, although filed within the time prescribed by Section 1-4-1 of said Municipal Code, also incorrectly gave the date of the occurrence as October 5, 1961.

On April 26, 1962 defendant moved to dismiss the complaint because the date of the occurrence in the notice was incorrect. On November 5, 1962 plaintiff moved to amend the complaint to correct the occurrence date in the Complaint from October 5 to September 5, 1961. On January 21, 1963 the motion to amend was denied, the motion to dismiss allowed, and a final order that defendant go hence without day entered. From these orders this appeal follows.

This case involves the construction to be placed upon the following sections of the Municipal Code:

"Section 1-4-2. Within six months from the date that such injury was received or such a cause of action accrued, any person who is about to commence any civil action in any Court against any municipality for damages on account of any

12

injury to his person shall file in the office of the City Attorney, if there is a City Attorney, and also in the office of the Municipal Clerk, either by himself, his agent, or attorney, a statement in writing, signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any.

"Section 1-4-3. If the notice provided for by Section 1-4-2 is not filed as provided in that section, any such civil action commenced against any municipality shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing."

The above sections of the Code and the earlier sections from which they were derived, have been consistently interpreted by our courts. In Erford v. City of Peoria, 229 Ill 546, 553, 82 NE 374, the Supreme Court said:

"Statutes of this character are mandatory, and the giving of the notice is a condition precedent to the right to bring such suit."

The Erford case was reaffirmed in the later case of Walters v. City of Ottawa, 240 Ill 259, 88 NE 651. In that case the court said at page 263:

"The giving of the notices required by the statute has been made a condition precedent to the city's liability and constitutes an essential element of the plaintiff's cause of action. The statute expressly declares that if the required notice is not given, any suit brought shall be dismissed and

13

the plaintiff barred from further suing. The City has no power to waive the notice and is under no liability until it is given."

And at page 267 the court stated that the conditions required by the legislature to be performed by a person who seeks to recover damages from a municipality are not mere matters of procedure but acts "essential to perfect his claim."

Following the Walters decision, the Supreme Court decided Ouimette v. City of Chicago, 242 Ill 501, 19 NE 300, a case nearly on all fours with the instant suit. In that case the notice to the city stated that the occurrence happened on November 10, 1905 when, in truth, the actual date was October 10, 1905. In holding that this error in the notice was fatal to the plaintiff's case, the court said at page 507–508:

"There could be but one date. If the notice is to serve the purpose intended by the legislature it should show the correct date . . . The question of this notice is entirely within legislative control. The legislature may prescribe the conditions under which cities shall be held liable to persons injured while using streets and sidewalks. It has prescribed in this statute that the notice shall give the date of the accident . . . it must be held that the wrong date in the notice is, in effect, the same as if no date at all were given. The statute requires the date to be set out in the notice, and this certainly cannot be done by stating that the accident occurred on a date on which it did not occur."

In the Ouimette case, we especially want to point out that the defendant city was not, in effect, misled by the notice, as its officers actually knew the date when the accident occurred.

14

The Ouimette case has been followed by Minnis v. Friend, 360 Ill 328, 196 NE 191, wherein the Supreme Court, in reaffirming the Walters and Ouimette cases said, at page 333:

> "Since the legislature has made the giving of this statutory notice a condition precedent to liability, a notice which does not contain one of the essentials prescribed therein is not a compliance with the statute."

The law in this state pertinent to the question before us is plain and unambiguous and has been consistently applied. See McCarthy v. City of Chicago, 312 Ill App 268, 38 NE2d 519; McWane Cast Iron Pipe Co. v. Aetna Cas. & Surety Co., 3 Ill App2d 399, 122 NE2d 435; Frowner v. Chicago Transit Authority, 25 Ill App2d 312, 167 NE2d 26; 9 ILP 161. Under this law the error in the notice here involved clearly bars this suit. It was properly dismissed and the orders appealed from are affirmed.

Affirmed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.