**E. O. Pennington, d/b/a Penny's Diesel Service, Plaintiff-Appellant, v. Clyde Alexander, d/b/a Alexander Lumber Co., Mercantile "All-In-One" Loans, and M. L. C. Corporation, Inc., Defendants-Appellees.**

Gen. No. 68–14.

Fifth District.

December 9, 1968.

Dowell & Dowell, of Mt. Vernon, for appellant.

William C. Stephens, Murray & Stephens, of Centralia, for appellees.

EBERSPACHER, J.

This is an action brought in the Circuit Court of Jefferson County to foreclose a lien for services, materials and storage. The cause was submitted to the trial court on the pleadings. From a finding and decree that the lien of the defendant, M. L. C. Corporation, Inc., was entitled to priority over the lien of the plaintiff, the plaintiff has appealed.

The facts as they appear from the pleadings are as follows:

On May 10, 1965, the defendant, Clyde Alexander, doing business as Alexander Hardwood Lumber, being then the owner of a GMC Diesel Tractor, borrowed $22,500 from the defendant, M. L. C. Corporation, Inc., and executed a security agreement covering the tractor and other equipment. The lien of the security agreement was perfected by filing a financing statement with the Secretary of State on May 27, 1965, and by applying for a new certifi-

cate of title from the Secretary of State which was issued on June 3, 1965, and which shows on its face the lien of M. L. C. Corporation, Inc., dated May 10, 1965 in the amount of $22,500.

On October 24, 1965, Alexander took the tractor to plaintiff, who operates a repair shop near Mt. Vernon, Illinois, for an engine overhaul. On January 26, 1966, plaintiff filed a Notice of Claim for Lien for repairs, completed on November 18, 1965, in the amount of $2,066.23, and for storage from November 19, 1965, to January 10, 1966, pursuant to the provisions of chapter 82, § 40 et seq., Ill Rev Stats 1965. On January 28, 1966, the plaintiff filed this suit to foreclose the lien. The defendant, M. L. C. Corporation, Inc., filed its Answer, setting up its lien and asserting the priority thereof over the lien sought to be foreclosed by plaintiff. The case was heard on a stipulation that the facts as set forth in the pleadings were true. Subsequently, in March 1967 and before the trial court had made a decision concerning the conflicting lien claims, the tractor was sold for $3,000, and the parties stipulated that the money should be paid to the Clerk pending the final decision of the court. On October 23, 1967, the court entered a decree finding the lien of the defendant to be entitled to priority over the lien of the plaintiff, and directing the Clerk to apply the money held by him first to the payment of the defendant's lien and the balance, if any, to plaintiff's lien.

The applicable statutes necessary for the decision of this cause and cited by both parties are section 9–310 of the Uniform Commercial Code, chapter 26, § 9–310, Ill Rev Stats 1965 and chapter 82, § 43, Ill Rev Stats 1965.

Section 9–310 of the UCC provides as follows:

> "When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or

rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."

The Illinois Code Comment following the section (Smith-Hurd Illinois Annotated Statutes) stresses that the two prime requisites of this section are (1) that the lienor furnish the services or materials in the ordinary course of business and (2) that the goods be in the lienor's possession.

The Comment further states:

> "This section does not apply to statutory non-possessory liens, at least after the lienor has relinquished possession of the collateral. Examples of this kind of lien are . . . and the lien for labor and storage (Ill Rev Stats, Chap 82, §§ 40–47, 1961)."

██ Rather than relying upon possession, the complaint filed by the plaintiff alleged the filing of notice in conformity with chapter 82, section 41, Ill Rev Stats and prayed for a lien by virtue of chapter 82, section 40 et seq. Plaintiff for the first time, in this Court asserts that he had a common-law lien, and that the court should have determined the priority between defendant's lien and plaintiff's common-law lien. An examination of plaintiff's complaint discloses that he asserted no common-law lien, and the relief he sought was statutory relief in the nature of foreclosure. The plaintiff did not allege continuous possession of the goods. This Court will not consider issues not contained in the record or presented to the trial court. Zehender & Factor, Inc. v. Murphy, 386 Ill 258, 53 NE2d 944 (1944).

Turning next to the Lien Act pertaining to labor and storage, we find that section 43 of that Act (c 82, §§ 40–47, Ill Rev Stats 1965) clearly sets forth the priority of liens. That section provides:

148

"The lien created by this Act shall be subject to the lien of any bona fide security interest as defined in the Uniform Commercial Code upon the same chattel recorded prior to the commencement of any lien herein created, but the lien herein created shall be in addition to, and shall not exclude any lien now existing at common law, and any lien existing by virtue of 'An Act concerning liens for labor, services, skill, or materials expended upon chattels,' filed July 24, 1941. As amended by act approved May 24, 1965. L 1965, p 742."

█ The last exclusionary phrase refers to the common-law lien and statutory liens created by chapter 82, § 47a. It is clear that section 43 grants a priority to the lien of any security interest previously recorded. The section describes the lien held by the defendant, M. L. C. Corporation, Inc. As is said in the Uniform Commercial Code Comment (p 419, Smith-Hurd Anno Stat) : "Some of the statutes creating such liens expressly make the lien subordinate to a prior security interest," and referring to UCC, section 9–310 continues, "This Section does not repeal such statutory provisions." Here the Lien Act was amended to give the security interest a priority over the alleged lien after the UCC was adopted.[1]

---

[1] See Author's Commentary, Anderson's Uniform Commercial Code, section 9–310:2 which follows:

"Code § 9–310 declares the priority of the lien of persons furnishing services or materials with respect to goods in their possession. Such a lien is, basically, the artisan's lien of the common law. Whether such a lien is based upon decision or statute law, Code § 9–310 gives it priority, with one exception, over a pre-existing security interest in the goods.

"The single exception relates to a lien created by statute; such a lien does not have such priority if the statute expressly provides otherwise. Accordingly, the lien has priority when it is based upon the common law or decision, or when it is based upon a statute which is silent as to priorities, or which gives the lien priority. The lien is subordinated to the security interest only when the lien statute expressly so declares."

Accordingly, the decree of the trial court shall be affirmed.

Affirmed.

GOLDENHERSH and MORAN, JJ., concur.