Schlicksup Drug Company, Inc., an Illinois Corporation, Plaintiff-Appellee, v. Harold F. Schlicksup, Jr., John F. Schlicksup and Schlick, Inc., an Illinois Corporation, Defendants-Appellants.

Gen. No. 69–115.

Third District.

September 23, 1970.

Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellants.

Cassidy, Cassidy, Quinn & Lindholm, of Peoria, for appellee.

RYAN, P. J.

The plaintiff, Schlicksup Drug Company, Inc., an Illinois Corporation, brought an action in two Counts against the defendants, Harold F. Schlicksup Jr., John F. Schlicksup and Schlick, Inc., an Illinois Corporation. Count I was an action for damages and Count II sought a permanent injunction against the defendants. The Complaint was filed March 10, 1969. A motion to dismiss both Counts I and Count II was filed. Before the motion was heard the plaintiff filed an application for a preliminary injunction on September 25, 1969, more than 6 months after the original complaint was filed. The defendants then filed an answer to Count II of the Complaint. Without hearing evidence the court granted the application for the preliminary injunction on the pleadings only. The defendants have taken an interlocutory appeal from the order of the court granting the preliminary injunction.

The injunctive relief prayed under Count II of the complaint and under the application for the preliminary injunction are both sought under the provisions of Illi-

nois Revised Statutes, Chapter 121½, Sec 313 which provides:

> "A person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it in accordance with the principles of equity and upon terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive is not required. . . .

> "The relief provided in this section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this state."

Count II of the complaint alleges that the plaintiff, Schlicksup Drug Company, Inc. was incorporated in 1951 and has since conducted a wholesale drug business in Peoria, Illinois; that Harold Schlicksup Sr. was the founder of the company; that Schlick, Inc. was incorporated in 1966 and is engaged in the wholesale drug business in Peoria, Illinois; that from the date of its incorporation in 1951 until July, 1967, the defendant, Harold F. Schlicksup, Jr. was an officer and employee of the plaintiff corporation; that the defendant, John F. Schlicksup was an employee of the plaintiff corporation between 1963 and February 1967; that the defendants, Harold F. Schlicksup, Jr. and John F. Schlicksup are the sons of Harold F. Schlicksup Sr., one of the founders of the plaintiff corporation and the holder of a majority of the stock therein; that the two sons attempted to force their father from the control of the plaintiff corporation and to secure control thereof for themselves; that when it became apparent to said defendants that they would be unsuccessful in their endeavor, in order to damage and commercially destroy the plaintiff, the defendant, Harold, Jr. secured a corporate charter under the name of Schlick, Inc. to manufacture and merchandise drugs;

184

that 60 days after the incorporation of the new company, the defendant, John F. Schlicksup, resigned his position with the plaintiff corporation and became owner of 50% of the stock of the new corporation. The complaint then alleges certain specific acts of alleged wrongdoing on the part of the defendant, such as circularizing the plaintiff's customers by letters, enticing and attempting to entice certain employees of the plaintiff to leave the plaintiff's employment and work for the defendants, instructing defendants' salesmen to take orders for merchandise under the names of products of the plaintiffs and then to substitute upon delivery products of the defendants and contriving commercial names for products of Schlick, Inc. which would be similar to the names of plaintiff's products and thus deceptive.

The Answer to Count II admitted the formation of the new corporation and defendants, Harold Jr. and John's former association with the plaintiff corporation, but specifically denied the motives alleged by the plaintiff for the forming of the new corporation. The defendants specifically denied their intention to pirate the plaintiff's employees and customers and to confront the plaintiff with unfair competition and denied the wrongful substitution of products and any misrepresentations. The application for preliminary injunction alleged that the deceptive trade practices alleged in Count II have continued and increased and the defendants threaten a continuation and enlargement of those practices against the plaintiff so that the practices "have and will continue to cause irreparable injury to the plaintiff." The application then prayed for a preliminary injunction restraining each defendant from: "maintaining, publicizing or disseminating or in any manner using the corporate name, Schlick, Inc. to continue to mislead and confuse prospective purchasers and any other parties in interest with the name of the plaintiff, Schlicksup Drug Company, Inc."

185

The application for the preliminary injunction also sought other injunctive relief which was denied and which is not pertinent to this opinion.

The injunctive order restrained the defendants "from in any manner using or presenting the term, name or words 'Schlick, Inc.'"

■ Although not wishing to base our decision on this point, we note in passing that the injunctive relief granted is much more restrictive than the relief prayed in the application for the preliminary injunction. The general rule is that the injunctive order should not be broader in its scope than the relief that is sought in the pleadings. O'Brien v. Eustice, 298 Ill App2d 510, 19 NE2d 137; 43 CJS Injunctions, § 206(D); 21 ILP Injunctions, § 131.

■ The granting of an interlocutory injunction rests in the sound discretion of the chancellor. It is however a judicial discretion which is subject to review. Cassidy v. Triebel, 337 Ill App 117, 85 NE2d 461. The purpose of the rule permitting interlocutory appeals as of right (Supreme Court Rule 307), is to permit a review of the chancellor's exercise of this discretion. Unless we find that the chancellor has abused the exercise of this discretion, the interlocutory order will not be set aside. People ex rel. Bolton v. Progressive General Ins. Co., 84 Ill App2d 109, 228 NE2d 146; Seay & Thomas, Inc. v. Kerr's Inc., 58 Ill App2d 391, 208 NE2d 22; O'Brien v. Matual, 14 Ill App2d 173, 144 NE2d 446.

For the reasons herein set forth, we are of the opinion that the chancellor did abuse the exercise of his discretion in the issuance of the preliminary injunction.

■ As a prerequisite to the issuance of the preliminary injunction, the plaintiff was required to establish the probability of the ultimate success on the merits of the case, as well as the immediate need for the injunction to preserve the status quo and to prevent irreparable injury to its rights or property. Where no an-

swer has been filed, the injunction may be issued based solely on the sufficiency of the complaint, but where an answer has been filed, both the answer and the complaint, must be considered. If the answer contains denials of material allegations of the complaint, a hearing on those matters must be had before the injunction may issue. Centennial Laundry Co. v. West Side Organization, 55 Ill App2d 406, 204 NE2d 589; Professional Business Management, Inc. v. Clark, 83 Ill App2d 236, 227 NE2d 371; Bardwick Agency, Inc. v. Hale, 32 Ill App2d 75, 176 NE2d 656.

■ The status quo to be preserved by the preliminary injunction is the last actual, peaceable, uncontested status which preceded the controversy. The allegations of the complaint and the answer indicate that Schlick, Inc. was organized in 1966 and had been engaged in business in the manner complained of in the complaint for more than 2 years prior to the filing thereof and more than 2½ years prior to the application for the preliminary injunction. Although the plaintiff contends in its brief that the defendants' status during this period was not peaceable and uncontested, there is nothing in the pleadings to indicate to the contrary. No evidence having been offered in the trial court, the pleadings must carry the burden of sustaining the order issuing the injunction. There was no necessity for the issuance of the preliminary injunction to preserve the status quo that had existed for 2½ years prior to the filing of the application for the preliminary injunction, that status quo being the existence of the corporation, Schlick, Inc. and doing business in the manner alleged in the complaint. The preliminary injunction issued by the chancellor did not preserve this status quo, but on the contrary, destroyed it.

Count II of the original complaint which sought injunctive relief did not ask for a preliminary injunction. It was not until 6½ months after the filing of the complaint

187

that the plaintiff filed an application for a preliminary injunction. This delay of itself raises a question as to the need for the preliminary injunction. Centennial Laundry Co. v. West Side Organization, supra.

■■■ The application for the preliminary injunction was based on the allegations of Count II of alleged deceptive trade practices which were denied by the defendant's answer with the further allegations contained in the application for the preliminary injunction that said acts and practices "have, are and will continue to cause irreparable injury to the plaintiff for which plaintiff has no adequate remedy at law." Such an allegation is a conclusion and is not an allegation of fact necessary to support the issuance of a preliminary injunction. Triangle Sign Co. v. Randolph & State Property, Inc., 16 Ill App2d 21, 147 NE2d 451.

> "The failure to allege facts constituting irreparable injury is of itself justification for denying a temporary injunction. A temporary injunction will not be issued on allegations in a complaint which are mere conclusions." 21 ILP Injunctions, § 126.

■■ ■■ Chapter 121½, § 313, Ill Rev Stats, quoted above, authorizes that injunctive relief may be granted to a person likely to be damaged by a "deceptive trade practice" of another. Section 312 of chapter 121½ sets forth 12 different types of conduct which constitute "deceptive trade practices." Paragraph 8 of Count II of the complaint alleges particular deceptive trade practices which the plaintiff charges the defendants with committing. The answer to Count II denies each of these allegations, thereby creating issues of fact as to whether the conduct of the defendants as alleged in the complaint constitutes deceptive trade practices under section 312, chapter 121½. In paragraph 9 of Count II, plaintiff alleges that as a result of the acts of the defendants they have "caused likelihood of confusion or misunder-

standing" and engaged in other conduct "creating a likelihood of confusion and misunderstanding." The answer to Count II denies the allegations of paragraph 9. Thus, the question of whether the alleged conduct of the defendants caused or created a "likelihood of confusion and misunderstanding" became a disputed question of fact. Two of the types of conduct listed in section 312 as constituting deceptive trade practices, are (2) "causes likelihood of confusion or misunderstanding. . . ." and (12) "engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding." It is the conduct described in section 312 as constituting deceptive trade practices upon which the plaintiff relies for the issuance of the injunctive relief under section 313. All of the allegations relating to these deceptive trade practices are denied in the answer. Under such circumstances, it was improper for the chancellor to issue a preliminary injunction without conducting a hearing on the controverted issues. Professional Business Management v. Clark, supra; Centennial Laundry Co. v. West Side Organization, supra; Bardwick Agency v. Hale, supra; McFetridge v. First Commercial Bank, 28 Ill App 2d 512, 171 NE2d 791.

Plaintiff contends that this is a special statutory remedy which it is pursuing and that the usual rules with regard to the issuance of preliminary injunctions do not apply. Plaintiff contends that if the chancellor believed that the conduct of the plaintiffs alleged in the complaint created a likelihood of misunderstanding and confusion, he was warranted in issuing the preliminary injunction. We do not agree with this contention. Since the question of creating a likelihood of misunderstanding and confusion under the pleadings has become a question of fact, the chancellor had no authority to grant a preliminary injunction without a hearing on these disputed fact questions. Section 313 does not specifically authorize the issuance of a preliminary injunction but

189

provides that the injunctive relief afforded thereunder may be granted "in accordance with the principles of equity." We hold that the principles of equity require that the customary rules governing the issuance of preliminary or temporary injunctions set forth above must be followed in the issuance of a preliminary injunction under section 313, chapter 121½, Ill Rev Stats.

For the above reasons, we hold that the issuance of the preliminary injunction by the chancellor under these circumstances constituted an abuse of discretion and requires that his order be reversed and the preliminary injunction dissolved.

Reversed and remanded.

STOUDER and ALLOY, JJ., concur.