Naomi K. Williams and Lloyd R. Williams, Plaintiffs-Appellants, v. City of Gibson, a Municipal Corporation, Defendant-Appellee.

Gen. No. 11,216.

Fourth District.

October 8, 1970.

T. G. Knappenberger, Jr., of Champaign, for appellants.

French L. Fraker, Dobbins, Fraker & Tennant, of Champaign, for appellee.

CRAVEN, P. J., delivered the opinion of the court.

The plaintiffs filed a two-count complaint against the City of Gibson. Count I was for personal injuries to Naomi K. Williams and Count II was for loss of consortium and expenses of her husband. Both counts alleged the date of the personal injuries to have been April 25, 1965, and further alleged that the plaintiffs properly served the six-month statutory notice on the City as required by section 1–4–2 of chapter 24, Ill Rev Stats 1963. The defendant filed an answer. It was subsequently ascertained that the date of the injuries was April 24, 1965, and not April 25, as alleged.

The trial court denied the plaintiffs leave to amend their complaint and the notice to reflect the change in date. Ultimately, it granted the motion of the defendant to dismiss the complaint and entered judgment for the defendant and against the plaintiffs for want of compliance with the statutory notice. This appeal follows.

The plaintiff Lloyd R. Williams first contends that the defective notice, or even the absence of a notice, does not preclude his action since notice of his claim was not required by the statute. Our review of the record does not indicate that contention was made in the trial

432

court. Rather, the proceedings below were clearly on the theory that the notice requirement was applicable to both counts. This is made clear by the motion to amend. It is well established that issues, points, questions or contentions which were not presented to the trial court will not be considered on appeal, nor can a party-litigant change his theory upon which a case is tried in the lower court upon reaching a court of review. ILP, Appeal and Error, § 181; Benson v. Isaacs, 22 Ill2d 606, 177 NE2d 209 (1961).

■ Thus, as we see it, the sole issue in this case is the sufficiency of the notice, defective as to date of injury, to comply with the statutory notice requirement which provides that within six months from the date of injury any person who is about to commence any civil action in any court against any municipality shall file in the office of the city attorney, if there is one, and also in the office of the municipal clerk a statement, in writing, giving certain information including the date and the approximate hour of the accident. It is argued here that the defendant-municipality was not misled or prejudiced by the incorrect date, that there was substantial compliance, and that the reason for the notice requirement was fully satisfied in that the purpose of the statute is to give notice to the municipality from which it can ascertain the facts through its investigative machinery. Bryant v. City of Chicago, 319 Ill App 524, 49 NE2d 654 (1st Dist 1943) (Abst).

Notwithstanding the persuasive argument of the plaintiffs as to substantial compliance, the case of Ouimette v. City of Chicago, 242 Ill 501, 90 NE 300 (1909), is, as we read it, determinative of the issue here. In that case, under the six-month notice requirement, the notice was defective in that it stated the date of the injury to have been November 10 when, in fact, the injury was on October 10. In Ouimette the court held the notice to be defective, that substantial compliance was not sufficient,

and that a notice setting out a date other than the actual date was insufficient. In discussing the point of view urged, that such a statute should be liberally construed and substantial compliance should be held sufficient, the court there observed that such was a question within the legislative control. Cases to the same effect are: Frowner v. Chicago Transit Authority, 25 Ill App2d 312, 167 NE2d 26 (1st Dist 1960) ; Riddle v. City of Marion, 44 Ill App2d 11, 193 NE2d 877 (4th Dist 1963).

The action of the trial court was in accord with Ouimette and that decision is likewise controlling here. The judgment of the Circuit Court of Ford County is affirmed.

Judgment affirmed.

SMITH and TRAPP, JJ., concur.