KOBRAND CORPORATION, Plaintiff-Appellee, *v.* FOREMOST SALES PROMO-
TIONS, INC., Defendant-Appellant.

(No. 57266;

First District—November 13, 1972.

Allen H. Schultz, of Chicago, for appellant.

Leibman, Williams, Bennett, Baird and Minow, of Chicago, (David P. List and Henry L. Mason III, of counsel,) for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

This record presents an interlocutory appeal by Foremost Sales Promotions, Inc. (defendant) from a temporary injunction issued on the complaint of Kobrand Corporation (plaintiff). The basis of the suit is an alleged violation of the Illinois Fair Trade Act. (Ill. Rev. Stat. 1971, ch. 121½, pars. 188—191.) Defendant contends: (1) plaintiff failed to prove "fair and open competition" as required by the pertinent statute; (2) the injunctional order did not set forth reasons for its issuance and reference to another document was necessary to ascertain the precise acts sought to be restrained; and (3) the complaint was not properly verified.

Defendant filed a verified answer to plaintiff's complaint and an amendment to the answer. The order for injunction was entered after the trial judge heard testimony in open court. It appears from the pleadings and from the testimony that plaintiff is the exclusive American importer and distributor of a brand of gin known as "Beefeater". Defendant franchises various retail liquor stores and provides advertising and sales promotion to them. These outlets advertise and sell Beefeater gin in Cook County. The complaint alleged that Beefeater gin is in free, fair and open competition with commodities of the same general class produced and distributed by others. Defendant's answer stated that it did not have sufficient knowledge to form a belief regarding this allegation. The answer made the same response to the allegations of the complaint that the name used by plaintiff is a valuable asset in goodwill and that plaintiff

has expended and now expends large sums of money to secure its interest therein.

The complaint also alleged that plaintiff had entered into fair trade contracts with various retailers within Illinois which stipulated minimum prices for sale of Beefeater gin at retail, which agreements were in full force and effect at times material to the cause. A copy of one of these contracts was appended to the complaint together with a schedule of retail prices therein contained. The allegations regarding the substance of the contracts were denied in the answer. The complaint alleged that plaintiff had given specific notice to defendant of the existence of its fair trade program and of the minimum retail price for the product. A copy of such notice was appended to the complaint. The answer admitted that defendant had received said notice but denied that it was aware of plaintiff's alleged fair trade program. The complaint alleged that defendant advertised Beefeater gin at prices less than the minimum retail fair trade prices and ignored plaintiff's demands to desist therefrom. Examples of such advertisements, which appeared in a Chicago newspaper on January 3, 1972 and January 27, 1972, were appended to the complaint. In response to these allegations, defendant denied that it advertised the product "wilfully and knowingly and in violation of the Fair Trade Act of Illinois."

The complaint further alleged that, as a result, outlets franchised by defendant are advertising and selling Beefeater gin at prices less than the specified minimum and that said advertisements were not made under special circumstances such as the offer for sale of damaged goods. The complaint also alleged that these acts of defendant have caused irreparable injury to the trademark and to plaintiff's goodwill. These allegations were denied in the answer.

■■ The first contention raised by defendant is directed toward an alleged lack of proof that Beefeater gin was in free, fair and open competition with commodities of the same general class produced and distributed by others. It appears from the testimony of an official of plaintiff corporation with experience in the liquor business, that some four imported gins are sold in Illinois in addition to Beefeater. The witness was then asked:

> "Q. Now, what brands of those gins, if any, is Beefeater gin in competition with?"

Objection was made by defendant's counsel on the single specific ground that the question called for a conclusion. (See *Bear v. Holiday Inns of America*, 1 Ill.App.3d 786, 275 N.E.2d 457.) The objection was overruled. The witness answered that in the import field Beefeater is in competition with three and possibly four other brands. We find no error in this ruling by the court. The ultimate fact to be ascertained was not whether plain-

tiff's brand was in competition with other brands but whether it was in free and open competition. In addition, defendant conceded that this witness was "qualified as an expert" with experience in the liquor business. Therefore it was proper for the court to hear his opinion, even regarding the ultimate issue in the case. (See *Merchants Nat. Bk. v. E. J. & E. Ry. Co.*, 49 Ill.2d 118, 122, 273 N.E.2d 809.) Furthermore the proof also shows that Beefeater brand is one of the leading gins as regards sales so that it is necessarily in competition with other brands of the same type.

■■ We must consider here the nature of the proceedings before us. This case involves only the propriety of issuing a temporary injunction. Entry of the order for temporary injunction was a matter within the sound discretion of the trial court. (*Lonergan v. Crucible Steel Co.*, 37 Ill.2d 599, 612, 229 N.E.2d 536; *Schlicksup Drug Co., Inc. v. Schlicksup*, 129 Ill.App.2d 181, 186, 262 N.E.2d 713.) In the case at bar, the interposition of an answer by defendant made it necessary for the trial court to consider the complaint and the answer. In view of denials in the answer, the trial court acted properly in hearing testimony before passing upon the motion for injunction. (*Centennial Laundry v. West Side Org.*, 34 Ill.2d 257, 262, 215 N.E.2d 443; *Schlicksup Drug Co., Inc. v. Schlicksup*, 129 Ill.App.2d 181, 187, 262 N.E.2d 713.) However, in this type of hearing, it was not necessary for plaintiff to prove all of the allegations of its complaint or to prove its right to final and permanent injunctional relief. The only requirement was that plaintiff demonstrate that it would probably be entitled to the relief prayed. (*People v. Progressive General Insurance Co.*, 84 Ill.App.2d 109, 115, 228 N.E.2d 146; *Seay & Thomas, Inc. v. Kerr's, Inc.*, 58 Ill.App.2d 391, 400, 208 N.E.2d 22.) We have examined all of the testimony heard by the trial court. We find that the evidence supports the conclusion that plaintiff had made sufficient proof to authorize temporary injunctional relief.

Defendant's next contention is that the injunctional order appealed from fails to comply with the pertinent statute in that it fails to "* * * set forth the reasons for its issuance * * *" and fails to "* * * describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained * * *." (Ill. Rev. Stat. 1971, ch. 69, par. 3—1.) Plaintiff argues strenuously in opposition to these contentions. This opinion cannot reach either of these points for consideration.

■■ The Appellate Court of Illinois is, as its name implies, a reviewing court established by the constitution of Illinois primarily for the purpose of hearing appeals from the circuit courts. The exercise of original jurisdiction by the Appellate Court is limited to situations in which it is "* * * necessary to the complete determination of any case on re-

view." (Ill. Const. art. VI, sec. 6.) It has long been the basic law of Illinois that the Appellate Court will not consider issues not presented to the trial court and not appearing in the record. (*Pennington v. Alexander*, 103 Ill.App.2d 145, 148, 242 N.E.2d 788.) The concept that this court may not consider issues or contentions which were not previously decided by the trial court has been described as "well established." (*Williams v. City of Gibson*, 129 Ill.App.2d 431, 433, 263 N.E.2d 138.) Therefore, we may not consider for the first time in this appeal questions not raised in the trial court. *Little Sister Coal Corp. v. Dawson*, 45 Ill.2d 342, 349, 259 N.E.2d 35.

■■ In the case at bar, the record does not show that any objection was made by defendant to the form of the injunctional order in the trial court. Defendant apparently chose to remain mute and, therefore, failed to give the trial court an opportunity to correct the error, if there was one. In this type of situation we may not consider for the first time in this appeal the matter of alleged defects in the form of the injunctional order. See *Western Auto Supply Co. v. Chalcraft*, 16 Ill.App.2d 461, 465-466, 148 N.E.2d 592, where this court refused to consider the contention that an order for temporary injunction was too broad in its scope so as to create an unnecessary hardship because this question had never been submitted to the trial court. Therefore, we will not consider the questions raised by defendant concerning alleged errors in the form of the injunctional order. Consequently, we need not consider a conditional motion made by plaintiff in this court for amendment of the injunctional order.

We reject defendant's final contention that plaintiff's complaint was verified by one of its attorneys. Actually, the injunctional order was based not only on the complaint but also on the evidence heard.

The order for temporary injunction appealed from is, therefore, affirmed.

Order affirmed.

BURKE and LYONS, JJ., concur.