THE PEOPLE *ex rel.* WILLIAM J. SCOTT, Plaintiff-Appellee, *v.* RORY C. JOHNSON *et al.*, Defendants-Appellants.

Second District   No. 79-342

Opinion filed October 15, 1979.

Edward L. Foote and Gregory A. Adamski, both of Winston & Strawn, of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago (William P. Oberhardt, Michael A. Benedetto, Jr., and Kathleen Hogan Morrison, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an interlocutory appeal from an order enjoining defendants, Rory Johnson and Magnatron, Inc., from the promotion, advertisement and sale of an electric motor. The sole issue raised is whether the trial court abused its discretion in issuing a preliminary injunction under section 6 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1977, ch. 121½, par. 266).

On December 27, 1978, the Attorney General began an investigation of Magnatron, Inc., under the authority granted by section 3 of the

Consumer Fraud and Deceptive Business Practices Act (Act) (Ill. Rev. Stat. 1977, ch. 121½, par. 263). The investigation was prompted in part by public statements and advertisements promoting the "Magnatron Motor," an electric motor allegedly developed and manufactured by defendants. One of the chief performance claims is that the motor can operate in an automobile for 100,000 miles without refueling. The investigation was undertaken by the Attorney General to determine whether these and other representations violated the Act.

Plaintiff issued subpoenas pursuant to section 4 of the Act (Ill. Rev. Stat. 1977, ch. 121½, par. 264), on April 19, 1979, requiring defendants to testify at a hearing and to produce documents relating to the incorporation of Magnatron, a list of persons employed by the corporation including independent and subcontractors and copies of all advertisements, sales and investment brochures provided by the corporation to the public and potential investors. Plaintiff also issued an order under section 3, subsections (a) (c) of the Act (Ill. Rev. Stat. 1977, ch. 121½, par. 263(a)(c)), requiring defendants to furnish a broad range of information allegedly designed to determine the existence of the motor and the validity of performance claims. Defendant Johnson appeared at the April 26 hearing and produced the incorporation papers and three documents which he claimed were the only informational brochures issued by the corporation. Upon advice of counsel, however, defendants refused to provide the other requested documents and information or answer any questions concerning the operation and development of the "Magnatron Motor." Defendants objected to most of the questions and requests for information on the ground plaintiff was exceeding the scope of his authority. Although it was denied by defendants, the record shows the corporation received and accepted a $2500 check for "research and development" in exchange for the future award of a franchise or "public offering of common stock."

On June 8, 1979, plaintiff filed a complaint under section 6 of the Act seeking, among other things, to enjoin defendants from promoting or selling the "Magnatron Motor" until the subpoenas were obeyed and the requested information was forthcoming. A temporary restraining order was entered on June 8 and later continued to June 28 restraining defendants from promoting the motor, from soliciting private funds and from withdrawing or concealing corporate assets. Defendants filed no answer to the complaint, and on June 28 a preliminary injunction was issued, after a hearing, at which defendants were represented by counsel and afforded an opportunity to present argument, which they declined to do. The injunction enjoins defendants from advertising, promoting or selling the "Magnatron Motor" or stock in Magnatron Corp., from

soliciting or receiving funds from sources other than commercial establishments and from withdrawing corporate assets exceeding $5,000. This appeal followed.

Defendants contend it was an abuse of discretion to grant the preliminary injunction before the validity of the subpoenas and other requests for information could be determined. We note that the record reflects that the trial court offered to have a hearing on the merits of the subpoenas but that defendants did not choose to take advantage of the offer. Further, this appeal concerns the propriety of a preliminary injunction under section 6 of the Act to preserve the status quo pending the outcome of a challenge to the validity and scope of the Attorney General's investigation. Section 6 provides that the Attorney General may petition for "injunctive relief" when "* * * any person fails or refuses to file any statement or report, or obey any subpoena issued by the Attorney General * * *." (Ill. Rev. Stat. 1977, ch. 121½, par. 266 (a).) We see nothing in the section that precludes temporary relief if the traditional requirements for obtaining a preliminary injunction are satisfied.

■■ ■ A preliminary injunction should issue only when an applicant establishes a likelihood of success on the merits and an immediate need to maintain the status quo in order to prevent irreparable harm pending disposition of the underlying lawsuit. (*Sports Unlimited, Inc. v. Scotch & Sirloin of Woodfield, Inc.* (1978), 58 Ill. App. 3d 579, 582, 374 N.E.2d 916, 919.) Where no answer has been filed by the defendant, as is true here, an injunction may issue solely on the sufficiency of the petition (*Sports Unlimited, Inc.*, 58 Ill. App. 3d 579, 582, 374 N.E.2d 916, 919), with all well-pleaded facts being taken as true. *McErlean v. Harvey Area Community Organization* (1972), 9 Ill. App. 3d 527, 292 N.E.2d 479; *Rutledge v. St. Vincent Memorial Hospital* (1966), 67 Ill. App. 2d 156, 214 N.E.2d 131.

■ The "merits" in this case concern the validity and scope of plaintiff's investigation. Section 3 of the Act authorizes the Attorney General, when "he believes it to be in the public interest," to conduct an investigation "to ascertain whether a person in fact has engaged in, is engaging in or is about to engage in, any practice declared to be unlawful by this Act * * *." (Ill. Rev. Stat. 1977, ch. 121½, par. 263.) To carry out his responsibilities, the Attorney General is empowered to require the filing of a statement or report in writing under oath "as to all information * * * he may consider necessary"; and to "* * * examine any merchandise * * *, record, book, document, account or paper * * * he may consider necessary; * * *." (Ill. Rev. Stat. 1977, ch. 121½, par. 263(a)(c).) He may issue subpoenas to any person, administer an oath or affirmation and conduct hearings in aid of any investigation or inquiry. (Ill. Rev. Stat.

1977, ch. 121½, par. 264.) Defendants on appeal urge that some of the requested documentation are subject to various privileges. Yet in the trial court, though given the opportunity by the judge, defendants made no argument on that basis. In the absence of any assertion of privilege or reason for failing to obey the subpoenas, the broad grant of power and discretion conferred upon the Attorney General suggests a strong likelihood of success on the merits by the Attorney General.

The record also discloses a potential for irreparable harm if the status quo is not maintained. The record contains at least one example of consumer investment in the "Magnatron Motor," and with public claims that the motor can operate an automobile for 100,000 miles without refueling, it is not unlikely such investments would continue particularly in an era of reduced energy resources. The Attorney General is charged under the Act with preventing fraud and deceptive business practices in the consumer market. While defendants have not yet been charged with any substantive violation of the Act, the potential for harm to the public if the performance claims are untrue is sufficiently great to justify a preliminary injunction pending disposition of the underlying suit.

Finally, defendants claim that the preliminary injunction effectively gives all the relief plaintiff could ultimately obtain after a hearing on the merits. However, the injunction issued here is only temporary, preserving the status quo pending disposition of the underlying lawsuit. The trial court expressed its willingness to entertain any challenge to the subpoenas or to the scope of the Attorney General's investigation. With that in mind, we affirm the judgment of the circuit court of Kane County granting the preliminary injunction and remand the cause for further proceedings.

Affirmed and remanded.

SEIDENFELD and NASH, JJ., concur.