REBECCA STOUT, Plaintiff-Appellee, *v.* JACK REED *et al.*, Defendants-Appellants.

Second District    No. 80-540

Opinion filed December 3, 1980.

124

Harlan Heller, Ltd., of Aurora, for appellants.

Michael J. Hanson, of St. Charles, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

This is an appeal from the order of the circuit court of Kane County granting a preliminary injunction.

On November 28, 1979, the plaintiff entered into an oral contract with the defendants to remodel her restaurant for the sum of $18,692.26, of which $9,865 was for labor and $8,827.26 was for materials and sales tax. The basis of the contract was the defendants' detailed proposal, but there was no other written document of the transaction. In January 1980, the plaintiff purchased some material in the amount of $1,178.54 for use in the remodeling project and during January and February 1980 she paid the defendants $2,075. In March she paid the defendants $500 more, but it is not stated in her complaint whether this was for labor or material. The plaintiff further alleges in her complaint that she obtained $6,000 from a mortgage on her residence and paid this sum to the defendants in furtherance of the contract, in addition to further payments she made to the defendants from her weekly receipts from the restaurant.

The work not having progressed in accordance with the defendants' alleged promises, the plaintiff, on June 12, told the defendant, Jack Reed, to stop work on the project. The next day Jack Reed began to remove certain materials from the premises which the plaintiff alleges she had paid for. The plaintiff filed a complaint for damages in the amount of $14,000 for breach of contract and in a second count prayed for a like amount as punitive damages, based on fraud. She also asked for an ac-

counting. A few days later the plaintiff petitioned the court for a temporary restraining order to enjoin the defendants from removing the material from her premises and converting it to their own uses. In the petition, the plaintiff alleged that she would suffer irreparable harm if the defendants were permitted to convert "her" property to their own use or to dispose of it "in that the plaintiff will not have the means or material necessary to complete her remodeling project and will therefore be unable to continue or expand her business and will suffer great economic hardship and loss." In an affidavit supporting her petition, the plaintiff alleged that she would suffer irreparable harm if the defendants converted her property, "since there will be no material to complete construction and remodeling of Affiant's restaurant." The trial court found that the plaintiff had paid the defendants between $8,800 and $12,025 besides having paid $1,178 to Globe Lumber Company for material and that the contract designated a labor cost of $9,865. After a further hearing, the court issued a preliminary injunction restraining the defendants from selling, disposing of or using the building materials removed from the restaurant premises.

In this interlocutory appeal, the defendants contend that the trial court erred in issuing the preliminary injunction because the allegations of the complaint and the affidavit in support thereof did not meet the criteria for issuing a preliminary injunction. The trial court did not find that the plaintiff had no adequate remedy at law in his order granting the preliminary injunction.

The defendants in their brief take exception to the issuance of a preliminary injunction, claiming that the plaintiff did not establish the requisites therefor: (1) that the plaintiff had a clear ascertained right which needed protection; (2) that the plaintiff would suffer irreparable harm without the protection of the injunction; (3) that there is no adequate remedy at law and (4) that the plaintiff is likely to be successful on the merits. *Bromberg v. Whitler* (1977), 57 Ill. App. 3d 152; *Midwest Micro Media, Inc. v. Machotka* (1979), 76 Ill. App. 3d 698.

■■ The defendants filed no answer or counteraffidavits and the trial court, in our opinion, was justified in finding on the basis of the plaintiff's complaint and affidavit that she had paid between $8,800 and $12,025 for building material. While the court did not specifically find that any certain part of said materials belonged to the plaintiff, the defendants' failure to answer or dispute the plaintiff's allegations justified the court in assuming the truth of her claimed interest. (See *Schlicksup Drug Co. v. Schlicksup* (1970), 129 Ill. App. 2d 181.) It is doubtless true, as the defendants argue, that in similar situations the builder might be found to be the legal owner or person in possession of the unused building materials (*Koester v. Huron Development Co.* (1962), 25 Ill. 2d 337), but the plain-

tiff's affidavit being unanswered, the allegations therein and the natural inferences flowing therefrom are presumed to be true. *Western Auto Supply Co. v. Chalcraft* (1958), 16 Ill. App. 2d 461.

Thus we may assume that the plaintiff had a clearly ascertained right which needed protection. As to whether the plaintiff would suffer irreparable harm without the injunction being issued, we think the allegations in the complaint and affidavit are sufficient to sustain this requirement. Plaintiff alleged that she would have suffered irreparable injury if the injunction were not granted because she would not have the materials or means to complete the remodeling of the restaurant. Therefore, she would have lost business or the opportunity to expand her business. It is true that a bare allegation of irreparable injury is a mere conclusion. Plaintiff, however, alleged that she would suffer a further loss of business if defendants were not restrained in removing the materials. A loss of business due to defendants' unlawful actions is an irreparable injury. (*Illinois Power Co. v. Latham* (1973), 15 Ill. App. 3d 156.) Although plaintiff could recover money damages to compensate for the loss she will suffer in hiring a more expensive remodeler, she alleged that she is without the means to pay for a contractor and for new materials prior to her recovery from defendants. Therefore, without the aid of an injunction, she would be precluded from expanding her business until after she recovered from defendants. The trial court, thus, could have concluded that if the status quo was not preserved, plaintiff would suffer irreparable injury.

As to the third requirement, that there be no adequate remedy at law, that is apparent, we think, from the circumstances related in the complaint. Plaintiff is not seeking an injunction to compensate for her financial loss due to the defendants' alleged breach, but to prevent further injury to her business. An inadequate remedy at law exists where an irreparable injury will result if the status quo is not preserved. (*Schwalm Electronics, Inc. v. Electrical Products Corp.* (1973), 14 Ill. App. 3d 348.) Because plaintiff would suffer further injury to her business if this injunction was not issued, we believe that plaintiff had an inadequate remedy at law. With regard to the requirement of probable success in securing the injunction, it should be emphasized that the success of the plaintiff need be only probable—not certain. Our supreme court said in *Nestor Johnson Manufacturing Co. v. Goldblatt* (1939), 371 Ill. 570, 574:

> "An applicant for an interlocutory injunction is not required to make out a case which will entitle him, at all events, to relief at the hearing. It is enough if he can show that he raises a fair question as to the existence of the right which he claims and can satisfy the court that matters should be preserved in their present state until such questions can be disposed of."

■■ ■ In this case we think the facts alleged in the complaint and the findings of the court at the hearing on the preliminary injunction clearly indicated a reasonable probability of the plaintiff being successful. In the absence of any countervailing answer indicating a negative resolution, we think the facts set forth in the pleadings meet the criteria for probable success in sustaining the plaintiff's petition for injunctive relief. (See *People ex rel. Scott v. Johnson* (1979), 77 Ill. App. 3d 529.) The ordering of a preliminary injunction is vested in the discretion of the court. Such an order will not be overturned absent a clear showing of abuse of that discretion. *Sports Unlimited, Inc. v. Scotch & Sirloin* (1978), 58 Ill. App. 3d 579, 584.

The judgment of the circuit court of Kane County granting the preliminary injunction is affirmed.

Judgment affirmed.

NASH and VAN DEUSEN, JJ., concur.