THE TAYLOR WINE COMPANY, INC., Plaintiff-Appellee, v. FOREMOST SALES PROMOTIONS, INC. et al., Defendants-Appellants.

(No. 57654;

First District (5th Division)—June 22, 1973.

Allen H. Schultz, of Chicago, for appellants.

Patrick W. O'Brien and David S. K. Platt, both of Mayer, Brown & Platt, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Taylor Wine Company, Inc., filed a verified amended complaint for "temporary" and permanent injunctions against Foremost Sales Promotions, Inc., and several independent liquor retailers doing business as Foremost Liquors alleging that defendants violated the Illinois Fair Trade Act. (Ill. Rev. Stat. 1969, ch. 121½, secs. 188-191.) Pursuant to proceedings detailed below, the trial court issued a permanent injunction restraining defendants from advertising, offering for sale or selling plaintiff's products in violation of the Fair Trade Act.

On appeal defendants contend: (1) that plaintiff failed to prove its products were in fair and open competition, (2) that plaintiff failed to prove defendants willfully and knowingly advertised plaintiff's products, (3) that plaintiff's fair trade contracts are invalid against non-signers because they provide for minimum rather than stipulated prices, (4) that the Illinois and federal antitrust laws provide a valid defense in fair trade cases, (5) that fair trade contracts are inapplicable to Foremost Sales Promotions, Inc., and (6) that the injunction is invalid because it is not specific.

Plaintiff's verified amended complaint alleged that plaintiff was injured when defendants engaged in unfair competition by willfully and knowingly advertising, offering for sale or selling several of plaintiff's products, which defendants knew were in fair and open competition with similar products, below retail prices stipulated pursuant to the Fair Trade Act. Plaintiff attached to the complaint: (1) a copy of a fair trade agreement with a third party which referred to "minimum retail prices," (2) a notice with "Minimum fair trade price to consumer per bottle" which was sent to retailers, (3) a copy of a consent judgment which had previously been entered with defendants, and (4) copies of defendants' advertisements of plaintiff's products which listed defendant Foremost liquor stores.

Defendants filed a verified answer to plaintiff's amended complaint essentially alleging defendants' lack of knowledge of plaintiff's allegations except that it denied that plaintiff was a party to any valid fair trade agreements and asserting various affirmative defenses that: (1) the Fair Trade Act requires the use of "stipulated" prices while plaintiff

referred to "minimum stipulated" prices, (2) plaintiff and others conspired to fix the retail or wholesale prices of plaintiff's products in violation of the U.S. and Illinois Antitrust Acts, (3) plaintiff failed to commence or abandoned its enforcement of its fair trade contracts and thus violated the U.S. and Illinois Antitrust Acts, (4) plaintiff sold to other retailers at lower prices in violation of the Robinson-Patman Act and the Illinois Antitrust Act, and (5) defendant Foremost Sales Promotions, Inc., was the agent of a disclosed principal. Plaintiff filed a verified reply and motion to strike defendants' affirmative defenses as insufficient at law. The court, observing that it had ruled on these defenses in other cases, granted plaintiff's motion.

At the trial on the merits, Morris Shipman, plaintiff's Northern Illinois manager, testified that plaintiff had adopted a fair trade program in Illinois and spent considerable money building and preserving its good will, that retailers were notified of plaintiff's program and changes in stipulated prices through a trade journal and by direct mailings which included some directly to Foremost liquor stores (these and certain fair trade agreements were admitted into evidence), and that a shopping service policed the retailers to discover if they were abiding by the program. When asked if "other products provide competition for [plaintiff's] products," over defense objection that this was an ultimate issue in the case, Shipman was permitted to state: "Yes, there are other items that sell in our premium wine class such as Paul Masson, Great Western, Christian Brothers, Almaden." Shipman also testified that defendants knew of plaintiff's program as he had discussed the matter with an officer of Foremost Sales Promotions, Inc. Nonetheless, defendants advertised plaintiff's products at less than fair trade prices and Shipman identified several advertisements. Defendants did not cross-examine the witness. Plaintiff rested its case at the conclusion of this evidence and defendants moved for judgment in their favor arguing that not all the elements of the cause of action had been proved and that no injunction should be entered against Foremost Sales Promotions, Inc., since it was an agent for disclosed principals. The court denied defendants' motion and defendants rested their case without presenting evidence.

The trial court, after observing that plaintiff was being irreparably injured, entered a permanent injunction in the following terms from which defendants appeal:

"[T]hat defendants  *  *·  *, their agents, servants, employees and attorneys, and all persons in active concern or participation with them are hereby permanently enjoined and restrained from willfully and knowingly advertising, offering for sale or selling [certain of plaintiff's products at less than specific prices] or at

less than such other prices as may be shown from time to time on price lists prepared pursuant to the terms of plaintiff's Fair Trade contracts entered into under the protection of the Fair Trade Act of the State of Illinois, and made known to defendants in accordance with this order."

Furthermore the court ordered:

"[T]hat plaintiff is given leave to change its Fair Trade price lists from time to time pursuant to the terms of its Fair Trade contracts. Said price changes shall become effective against defendants, as though incorporated herein, upon service on defendants, which service shall be personal or by certified or registered mail, return receipt requested."

*OPINION*

■■ Defendants first contend that plaintiff failed to prove that its products were in fair and open competition. "Fair and open competition with commodities of the same general class produced by others" is a condition regarding the validity of a fair trade contract. (Ill. Rev. Stat. 1969, ch. 121½, sec. 188.) This condition was imposed to prevent producers or distributors who have no effective competition from using the Fair Trade Act to increase their domination over the market. As a condition, the producer or distributor has the burden of proving fair and open competition. Proof that others produce commodities similar in quality and in price to plaintiff's would seem to be sufficient evidence of fair and open competition.

■■ In the instant case, defendants argue that the only evidence of fair and open competition was the opinion of a single witness regarding this ultimate issue, which was improperly admitted over defendants' objection. In *Kobrand Corp. v. Foremost Sales Promotions, Inc.* (1972), 8 Ill.App.3d 418, 291 N.E.2d 61, the court held that the trial court did not err when it overruled a similar defense objection to such a question. While the form of the question in *Kobrand* and in the instant case is less than ideal because it refers to "competition," defendants here were not prejudiced by the form of the question. The normal complaint regarding questions which seek the witness' opinion regarding an ultimate issue in the case is that the witness' opinion tends to usurp the role of the trier of fact. In the instant case, the witness' testimony that at least four other companies sold commodities similar to plaintiff's is clearly proper evidence of fair and open competition. Moreover, since the witness was plaintiff's Northern Illinois Manager, he doubtless had personal knowledge regarding those companies who produce such similar commodities. Although more detailed information regarding plaintiff's competitors might sometimes be appropriate, the uncontroverted evidence in the

record before us indicates that plaintiff's products were in fair and open competition.

■■■ Defendants secondly contend that plaintiff failed to prove defendants willfully and knowingly advertised plaintiff's products below their alleged stipulated prices. Only willful and knowing advertising, offering for sale, or selling plaintiff's fair trade products violates the Fair Trade Act. (Ill. Rev. Stat. 1969, ch. 121½, sec. 189.) Although defendants argue that they received no notice, the record is replete with evidence of defendants' knowledge of plaintiff's fair trade program and defendants' willful violation of that program. Plaintiff's witness, without contradiction by defense witnesses, testified that retailers were notified of plaintiff's fair trade program through advertisements in the trade journal and through direct mailings. The retailers to which these mailings were directed included Foremost liquor stores. Although additional information was probably not needed, the witness also testified that he had discussed the matter with an officer of Foremost Sales Promotions, Inc. The record also shows that defendants advertised plaintiff's products below their fair trade prices after having consented to a judgment whereby they agreed to abide by plaintiff's fair trade program. Clearly defendants willfully and knowingly advertised plaintiff's products at lower than fair trade prices.

■■■ Defendants thirdly contend that plaintiff's fair trade contracts are invalid against non-signers because they provide for minimum rather than stipulated prices. The Fair Trade Act validates fair trade contracts which provide that certain products will not be sold or resold "except at the price stipulated by" an appropriate party. If such products are willfully and knowingly advertised, offered for sale, or sold "at less than the price stipulated in any [such] contract," the Act provides a remedy whether the person engaging in such conduct "is or is not a party to such contract." Defendants cite *Black & Decker Mfg. Co. v. Ann & Hope, Inc. of Danvers* (1972), (Mass.), 277 N.E.2d 687, in support of their contention that reference to "minimum retail" prices rather than "stipulated" prices in plaintiff's fair trade contracts is fatal to its case. We also note that the notice to retailers attached to the complaint in the instant case refers to "minimum fair trade price to consumer per bottle." Although the Supreme Judicial Court of Massachusetts in the case cited by defendants places great significance on the term "stipulated," we do not agree that the term is so meaningful when it is considered that the remedy provided by the Act against non-signers applies where a party advertised, offered for sale, or sold fair trade products "at less than" stipulated prices. In view of these terms, the use of the term "minimum" becomes descriptive of the term "stipulated" for all practical purposes.

■■ Defendants fourthly contend that anti-trust laws provide a valid defense in fair trade cases. The Illinois Fair Trade Act does not expressly provide for defenses where the requirements of the Act have been met. The McGuire Act (15 U.S.C.A. (1971), sec. 45(a)(3)) provides that nothing in any federal antitrust act "shall render unlawful the exercise or the enforcement of any right or right of action created by [a state fair trade act]." Section 10 of the Illinois Antitrust Act (Ill. Rev. Stat. 1971, ch. 38, sec. 60—10) provides that nothing in that Act "shall be deemed to amend, modify, or repeal in whole or in part the provisions of [the Illinois Fair Trade Act]." Although fair trade relates to vertical resale price maintenance, these statutory provisions admit of no exceptions. If antitrust laws were held to be a valid defense to fair trade, the enforcement of a fair trade program would be rendered unlawful and the Fair Trade Act would be subject to amendment and modification by the courts contrary to legislative intent. The case cited by defendants (*Sunbeam Corp. v. Central Housekeeping Mart., Inc.* (1954), 2 Ill.App.2d 543, 120 N.E.2d 362) does not establish the antitrust laws as a defense in fair trade cases. Rather, that case is based upon the trial court's error in granting an injunction where the pleading showed defenses, denominated as being affirmative defenses, to which plaintiff did not reply. In the light of the above statutory provisions, we cannot construe as valid in a fair trade case any affirmative defense of illegality by reason of alleged violations of the antitrust laws.

■■■ However, while the antitrust laws do not in themselves provide a defense in a fair trade case, anything which negates an element of a fair trade cause of action, for example the element of fair and open competition, may provide a defense. If that defense will surprise the opposing party it must be raised as an affirmative defense (Ill. Rev. Stat. 1969, ch. 110, sec. 43(4)) to which plaintiff must reply. (Ill. Rev. Stat. 1969, ch. 110, sec. 32.) Furthermore, this opinion should not be construed to unduly restrict other possibly valid defenses to a fair trade cause of action.

■■ In the instant case, plaintiff filed a reply to and motion to strike defendants' affirmative defenses as insufficient at law. The thrust of the defenses were plaintiff's alleged violations of the antitrust laws. The only defense which related to an element of a fair trade cause of action was the defense that plaintiff conspired with "others" to fix the prices of its products. This defense was so general that a court could not possibly determine whether plaintiff allegedly conspired with other producers (horizontal) which arguably may relate to the element of fair and open competition or with the members of its chain of distribution (vertical) which in view of the Fair Trade Act is permissible. Therefore, we believe

the trial court did not err when it granted plaintiff's motion to strike defendants' affirmative defenses.

■■ Defendants fifthly contend that fair trade contracts are inapplicable to 'Foremost Sales Promotions, Inc. Defendants argue that section 2 of the Fair Trade Act (Ill. Rev. Stat. 1969, ch. 121½, sec. 189) is inapplicable to those who do not offer for sale or sell fair trade products. Defendants state that Foremost Sales Promotions does not offer for sale or sell any fair trade products. Furthermore, defendants state that since the advertisements list various Foremost liquor stores, Foremost Sales Promotions is an agent for disclosed principals.

■■ Section 2 of the Fair Trade Act clearly prohibits the willful and knowing advertisement of fair trade products below their stipulated prices. We find no indication that the legislature intended the remedy of unfair competition to be limited to those persons who offer for sale or sell fair trade products. Quite the contrary is true. Moreover, it makes little difference whether Foremost Sales Promotions is enjoined as a party to the action or as an agent of its alleged principals. An injunction may bind it in either case. (Ill. Rev. Stat. 1969, ch. 69, sec. 3—1.) However, as a party or as someone in active concert or participation with Foremost liquor stores, Foremost Sales Promotions would be entitled to actual notice of the injunction. Ill. Rev. Stat. 1969, ch. 69, sec. 3—1.

■■ Defendants lastly contend that the injunction is invalid because it is not specific. As we held in *Paddington Corp. v. Westville Beverage Mart* (No. 57314, 1st Dist.), an injunction similar to the one entered by the trial court in *Seagram-Distillers Corp. v. New Cut Rate Liquors* (7th Cir. 1955), 221 F.2d 815, is specific enough to advise a defendant who is not a novice in the liquor business of its meaning. The instant injunction is much more detailed, and for that reason perhaps even preferable, to the injunction entered in either of the above cases.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DRUCKER, P. J., and ENGLISH, J., concur.