114

HEUBLEIN, INC., Plaintiff-Appellee, *v.* FOREMOST SALES PROMOTIONS, INC., Defendant-Appellant.

(No. 57840;

First District (2nd Division)—July 31, 1973.

Schultz & Schultz, of Chicago, for appellant.

Morton Siegel, of Chicago, (Kenneth S. Freedman, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant appeals from an order granting plaintiff a permanent injunction. The trial court found that defendant had violated plaintiff's fair trade agreement in contravention of the Illinois Fair Trade Act,* and enjoined defendant from "wilfully and knowingly advertising, offering for sale or selling" Heublein products at prices less than those stipulated by plaintiff pursuant to its fair trade agreement. The order also set forth the Heublein products subject to the fair trade agreement and the current fair trade price of each product. Defendant contends on appeal that:

    (1) plaintiff failed to prove that its products were in fair and open competition as required by the Illinois Fair Trade Act;

---

* Ill. Rev. Stat. 1971, ch. 121½, par. 188 *et seq.*

(2) plaintiff's fair trade agreement is invalid in that it provides minimum prices, not stipulated prices;

(3) the trial court abused its discretion in reopening plaintiff's case and allowing further proof;

(4) plaintiff failed to prove notice to defendant of the minimum prices;

(5) defendant is merely an agent of a disclosed principal, and therefore, the fair trade agreement is not applicable; and

(6) the injunction order is invalid in that it violates the specificity requirements of Ill. Rev. Stat. 1971, ch. 69, par. 3—1.

On February 4, 1972, plaintiff filed a verified complaint alleging that plaintiff has been engaged in business as an importer of alcoholic beverages; that Heublein products are in fair and open competition in Illinois with products and commodities of the same general class; that Heublein products are sold to wholesalers; that plaintiff has expended large sums of money in Illinois to secure its interest in the good will represented by its trademarks; that plaintiff has enjoyed substantial and profitable business in Illinois, that all sales of Heublein products by wholesalers to retailers are subject to fair trade agreements providing that the retailers will not sell, offer for sale or advertise for sale any products below the stipulated minimum prices; and that defendant has wilfully, knowingly and continuously violated the fair trade agreement by advertising Heublein products below the stipulated minimum prices.

Defendant filed a verified answer admitting the advertisements for Heublein products, but demanding strict proof of all other allegations. Plaintiff amended its complaint to file additional advertisements and a fair trade agreement dated October 14, 1965, between plaintiff and an Illinois retailer.

A hearing for a temporary injunction was held, and the court refused to issue the injunction, finding that no evidence tending to prove a fair trade agreement had been introduced.

At the hearing for the permanent injunction, the court admitted the evidence introduced at the prior hearing. The evidence consisted of advertisements of January 26, 27, February 10 and 11, 1972, indicating prices for Heublein products below plaintiff's current minimum prices; a letter dated April 28, 1971, from plaintiff to defendant's president enclosing a price list; a price schedule of Heublein products; and a letter from defendant's attorney to Heublein acknowledging receipt of the April 28th letter, acknowledging the Heublein fair trade program and assuring plaintiff that defendant would comply with the enclosed schedule of minimum fair trade prices. The testimony adduced at trial showed that Irving Robins, defendant's president, denied reading the

letter sent to him, and denied seeing the fair trade contract or fair trade prices. Defendant's attorney testified that he signed the letter in evidence acknowledging the Fair Trade Program, but that no price list was enclosed in the April 28th letter from plaintiff which was forwarded to him.

A marketing consultant for Heublein, William Behrman, and a retailer in Illinois, Roy Cofran, testified that in 1965 a fair trade agreement which provided for minimum prices was executed between them. A copy of the agreement was introduced into evidence. Plaintiff then rested its case. Defendant made a motion to dismiss on the ground that defendant's answer required strict proof of each of plaintiff's allegations, and plaintiff had failed to prove these allegations. The trial judge then afforded plaintiff the opportunity to reopen its case. Behrman was recalled and testified that Heublein dealt in wines, beer and liquor; that Heublein sold to wholesalers in Illinois; that other vodkas and similar wines were in competition with Heublein products; that Heublein advertised extensively in Illinois, and spent approximately $10,000,000 in advertising nationally; and that Heublein had substantial sales in Illinois. Finally, plaintiffs recalled a regional manager for Heublein who testified that a fair trade agreement existed in Illinois, and that he discussed the Heublein Fair Trade Program in the spring of 1971 with Irving Robins. Defendant introduced no evidence.

■■ The Illinois Fair Trade Act carves an exception in Illinois antitrust policy by recognizing that the manufacturer of a trademarked article has a property right in the goodwill towards his product, and by validating designation of a stipulated "fair" price for the sale and resale of that product. The Fair Trade Act was intended to prevent use of products as "loss leaders." (*Joseph Triner Corp. v. McNeil,* 363 Ill. 559, 2 N.E.2d 929.) The Act further provides that agreements to sell products at a stipulated price are binding upon sales and resales by "non-signers." (Ill. Rev. Stat. 1971, ch. 121½, par. 189.) To prevent abuse, plaintiff must show "fair and open competition" of fair traded products "with commodities of the same general class produced by others" (Ill. Rev. Stat. 1971, ch. 121½, par. 188), and the wilful and knowing sale, offer for sale or advertisement of products at prices below the stipulated prices. Ill. Rev. Stat. 1971, ch. 121½, par. 189.

■■ Defendant's first contention, that plaintiff failed to show that its products were in fair and open competition, is not persuasive. When plaintiff reopened its proof, its marketing consultant, Behrman, testified that other vodkas and wines were sold in competition with plaintiff's products, and that plaintiff advertised extensively nationwide and in Illinois. We believe that this testimony was sufficient to raise a presump-

tion of fair and open competition, and with no cross-examination by defendant, this testimony remained uncontroverted. See *Taylor Wine Co. v. Foremost Sales Promotions, Inc.*, 12 Ill.App.3d 1042. Defendant contends that plaintiff must offer detailed proof concerning price, quality, taste, color, proof and method of manufacture, but it has cited no case requiring such proof. The cases cited by defendant are distinguishable for the reasons that in *Sunbeam Corp. v. Central Housekeeping Mart, Inc.*, 2 Ill.App.2d 543, 120 N.E.2d 362, defendant's answer established a prima facie defense to plaintiff's allegation of fair and open competition, in *Eastman Kodak Co. v. Home Utilities Co.*, 234 F.2d 766 (4th Cir.), the issue of competition was contested, and on cross-examination defendant raised an issue concerning monopoly, and in *Meade Johnson & Co., v. Breggar*, 410 Pa. 408, 189 A.2d 866, and *Gulf Oil Corp. v. Mays*, 401 Pa. 413, 164 A.2d 656, *no* evidence of fair and open competition was introduced.

■■ Defendant's second contention, that the fair trade agreement is invalid because it provides for "minimum prices" is also not persuasive. The Fair Trade Act validates agreements which provides that products will not be sold or resold "except at the price stipulated." Defendant maintains that this language requires designation of unvarying prices, and cannot be interpreted as authorizing agreements stipulating minimum prices. Defendant cites as authority the opinion of the Massachusetts Supreme Court in *Black & Decker Manufacturing Co. v. Ann & Hope, Inc.*, (Mass.) 277 N.E.2d 687. The Massachusetts Court interpreted their Fair Trade Law as authorizing price-fixing by contract of a specific unvarying fair trade price. We do not interpret the Illinois Fair Trade Act as authorizing price-fixing, but as an attempt to prevent "loss leadership." (*Triner Corp. v. McNeil, supra;* Ill. Rev. Stat. 1971, ch. 121½, par. 189.) Therefore, we interpret "stipulated" prices to include "stipulated minimum price." See *Taylor Wine Co., Inc. v. Foremost Sales Promotions, Inc., supra;* accord, *Lionel Corp. v. Grayson-Robinson Stores, Inc.*, 15 N.J. 191, 104 A.2d 304; *Shulton, Inc. v. Hogue & Knott, Inc.*, 364 F.2d 765 (6th Cir.); *General Electric Co. v. S. Klein-On-The-Square, Inc.*, 121 N.Y.S.2d 37 (S.Ct.).

Defendant also argues on appeal that the trial judge abused his discretion in allowing plaintiff to reopen its case and offer proof of fair and open competition of its products. Defendant maintains that the trial judge acted improperly by insisting that plaintiff reopen its case after repeated assertions by plaintiff's counsel that he was not required to introduce additional evidence.

■■ It is well-settled that allowing a party to reopen its proof is in the sound discretion of the trial judge, even though the other party has

asked for a directed verdict. (*Briggs v. Bankers Accident Insurance Co.*, 214 Ill.App. 181; *Country Life Insurance Co. v. Goffinet*, 117 Ill.App.2d 338, 254 N.E.2d 281.) In the instant case, plaintiff's counsel agreed to reopen his proof at the conclusion of a lengthy colloquy between himself and the trial judge. Upon our review of the proceedings, we conclude that defendant was not surprised, prejudiced or disadvantaged by the reopening, and in fact, did not cross-examine the witness or introduce evidence on the issue of competition. Therefore, the trial judge acted within his discretion.

Defendant's fourth contention is that it received no notice of plaintiff's fair trade prices. Defendant maintains that, therefore, it could not have wilfully and knowingly sold, offered for sale or advertised plaintiff's products at prices below the fair trade prices. The evidence adduced at trial shows that a letter informing defendant of plaintiff's fair trade program and enclosing a price schedule was sent by registered mail to defendant's president in April, 1971, and that defendant's attorney acknowledged receipt of this letter. The record also shows that defendant advertised plaintiff's products at prices below the fair trade prices in January and February of 1972. The testimony of defendant's president that he did not read the letter, and of defendant's attorney that he received the letter but not the enclosed price schedule, does not sufficiently rebut plaintiff's evidence that defendant had notice of the fair trade prices, and thereafter advertised prices below the stipulated minimum prices.

■■ Defendant's next contention, that the fair trade agreement and the Fair Trade Act are inapplicable to Foremost Sales Promotions, Inc., is likewise without merit. Defendant maintains that the Act is intended to curtail the sale of products below stipulated prices, and that defendant does not sell or offer for sale fair traded products. Furthermore, defendant argues that it is merely the agent of disclosed principals. It is sufficient for us to note that the Act prohibits selling, offering for sale *or advertising* fair traded products at prices below the stipulated prices. (Ill. Rev. Stat. 1971, ch. 121½, par. 189.) Defendant's conduct clearly falls within this prohibition, and defendant can properly be held liable under the Act. See *Taylor Wine Co. v. Foremost Sales Promotions, Inc., supra.*

Lastly, defendant contends that the injunction order is invalid because it is not specific in its terms, as required by Ill. Rev. Stat. 1971, ch. 69, par. 3—1, and that the acts enjoined are not described in detail, but by reference to another document. The injunction order enjoined defendant from wilfully and knowingly selling, offering for sale or advertising fair traded products at prices less than those stipulated by

plaintiff from time to time pursuant to the fair trade agreement. The order also listed plaintiff's fair traded products and the current stipulated minimum prices.

The cases cited by defendant state the well established principle that an order must state in specific terms the acts that it requires or prohibits. (*International Longshoremen's Association v. Philadelphia Marine Trade Association*, 389 U.S. 64; *Hoffman-LaRoche, Inc. v. Schwegmann Bros. Giant Super Markets*, 122 F.Supp. 781, aff'd 221 F.2d 326 (5th Cir.); *Illinois School Bus Co., Inc. v. South Suburban Safeway Lines, Inc.*, 132 Ill.App.2d 833, 270 N.E.2d 200.) Those cases are distinguishable in that the orders were so vague that the parties could not ascertain which acts were prohibited or required. In the instant case, the injunction order clearly advises defendant of the acts restrained, and informs defendant of the products and their current prices. The validity of an order similar to that in the instant case was upheld in *Seagram-Distillers Corp. v. New Cut Rate Liquors, Inc.*, 221 F.2d 815 (7th Cir.), wherein the court stated that an injunction order issued pursuant to the Fair Trade Act must be flexible enough to accommodate it to the fact that the fair trade prices will vary. See also *Paddington Corp. v. Westville Beverage Mart, Inc.*, 12 Ill.App.3d 555; *Taylor Wine Co. v. Foremost Sales Promotions, Inc., supra.*

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

Affirmed.

LEIGHTON and DOWNING, JJ., concur.