The Buckingham Corporation, Plaintiff-Appellee, *v.* Modern Liquors, Inc. *et al.,* d/b/a Foremost Liquors, Defendants-Appellants.

(No. 57653; )

First District (4th Division)—November 7, 1973.

Allen H. Schultz, of Chicago, for appellants.

Morton Siegel, of Chicago, (Kenneth S. Freedman, of counsel,) for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, The Buckingham Corporation, alleged the defendants, Modern Liquors, Inc., and Monarch Liquors, Inc., both doing business as Foremost Liquors, violated certain provisions of the Illinois Fair Trade Act. (Ill. Rev. Stat., ch. 121½, §§ 188-191). Following a hearing in the Circuit Court of Cook County, the court entered a permanent injunction wherein the defendants were restrained from wilfully and knowingly advertising, offering for sale or selling Cutty Sark Scotch Whisky below the Fair Trade prices specifically set forth in the injunction. The defendants appeal from the injunctive relief granted the plaintiff.

The issues presented for review are: (1) whether the activities of the plaintiff, a foreign corporation, constitute the transaction of intrastate business within the State of Illinois thereby requiring the plaintiff to obtain a certificate of authority from the Secretary of State prior to instituting a civil suit in Illinois; (2) whether the trial court erred in finding the plaintiff's product is in fair and open competition; (3) whether the evidence supports the trial court's finding that the defendants wilfully and knowingly advertised the plaintiff's product at less than Fair Trade prices; (4) whether the plaintiff's "minimum" Fair Trade prices are valid and enforceable under the Illinois Fair Trade Act; (5) whether the trial court erred in striking the defendants' allegation that the plaintiff's action constituted both State and Federal anti-trust violations; and (6) whether the injunction issued by the trial court is specific as to its terms.

On December 29, 1971, The Buckingham Corporation filed a complaint in the Circuit Court of Cook County requesting temporary and permanent injunctive relief. The complaint alleged the defendants wilfully and knowingly advertised and offered for sale fifths of Cutty Sark Scotch Whisky at $6.19 per fifth when the Fair Trade price was $6.59 per fifth. The defendants filed a verified answer to the plaintiff's complaint wherein they denied the allegations set forth and also raised certain affirmative defenses to which the plaintiff replied. Thereafter, a hearing was held at which the plaintiff presented evidence in support of its allegations. The evidence presented by the plaintiff consisted of the Fair Trade Agreement executed by the plaintiff which was still in full force and effect at the time of the hearing as well as investigative reports which reflected the defendants were selling the plaintiff's product at $6.19 per fifth rather than the Fair Trade price of $6.59 per fifth. During the course of the

plaintiff's presentation of evidence, the defendants attempted to support the affirmative defenses which they had raised by cross-examination of the plaintiff's witnesses who were testifying concerning the documents presented by the plaintiff. The defendants especially attempted to prove their allegation that the plaintiff was carrying on intrastate business in Illinois by cross-examination of representatives of the Walter J. Jahn Co., a Florida corporation licensed to do business in Illinois, which had been retained by the plaintiff to perform certain advertising and promotional activities regarding the plaintiff's product, Cutty Sark Scotch Whisky.

The first issue presented for review is whether the activities of the plaintiff, a Delaware corporation, constitute the transaction of intrastate business within Illinois thereby requiring the plaintiff to obtain a certificate of authority from the State as a prerequisite to instituting a civil action in Illinois.

The defendants contend the plaintiff, a Delaware corporation, is engaged in the transaction of intrastate business within Illinois, and thus may not bring this action in an Illinois court without first having obtained a certificate of authority from the Secretary of State (Ill. Rev. Stat. 1971, ch. 32, §§ 157.102, 157.125). The defendants base this contention on evidence presented during the hearing which reflects the plaintiff corporation has engaged the Walter J. Jahn Co., a Florida corporation licensed to do business in Illinois, to perform certain advertising and promotional services within the State. The defendants attempt to establish that such activity by the plaintiff amounts to the conduct of direct intrastate business and, as such, the plaintiff required a certificate of authority prior to instituting this action. In support of this contention the defendants urge this court to apply the decision in *Eli Lilly and Co. v. Sav-On Drugs, Inc.* (1961), 366 U.S. 276, 6 L.Ed.2d 288, 81 S.Ct. 1316, where the United States Supreme Court held the combined direct activities of the plaintiff in the State of New Jersey amounted to intrastate business which required the plaintiff to have a certificate of authority to do business in the state.

■■ The record does not support the defendants' contention. Moreover, we find any application of the principle set forth in the *Eli Lilly* decision to be inappropriate to the instant situation. It is most apparent to this court that the plaintiff is engaged in interstate business rather than intrastate business and is therefore protected from having to acquire a certificate of authority to do business in Illinois by the Commerce Clause of the United States Constitution. Furthermore, the record reflects the plaintiff hired the Walter J. Jahn Co. to merely carry on promotional activity in regard to its product not to act as its agent. This is most clearly exemplified in the fact that the plaintiff retained the basic activity of

accepting orders from Illinois liquor wholesalers. We therefore reject the defendants' contention not only that the plaintiff was transacting intrastate business without a certificate of authority, but also that the plaintiff could not initiate this action in an Illinois court.

The second issue presented for review is whether the trial court erred in finding the plaintiff's product is in fair and open competition.

The defendants contend the trial court erred in issuing its injunction since as a basic finding of fact upon which the injunction issued, the court found the plaintiff's product to be in "fair and open competition with commodities of the same general class produced by others, and sold and distributed throughout Illinois." The defendants base this contention on their assertion that the record is devoid of any statement in support of this fact and once having alleged such fact, failure to prove the allegation is a fatal defect to the case.

The record reflects the trial court not only heard the plaintiff allege its product, Cutty Sark Scotch Whisky, is in fair and open competition in Illinois but also was presented evidence to make the allegation a very apparent fact. Moreover, defense counsel more than adequately aided the court in arriving at its finding where during the cross-examination of William Walsh, an employee of the Walter J. Jahn Co., defense counsel offered as an exhibit for identification purposes the February, 1972, issue of the Illinois Beverage Journal listing the Fair Trade prices of certain scotch whiskys including Cutty Sark and questioned Mr. Walsh regarding the exhibit and the ownership of the other brands listed in the exhibit, none of which is owned by the plaintiff. Thereafter, the trial court also heard the testimony of Theodore Herbik which supported the plaintiff's allegation that Cutty Sark Scotch Whisky is in free and open competition. For these reasons, we reject the defendants' contention that the trial court erred in finding Cutty Sark Scotch Whisky to be in free and open competition.

The third issue presented for review is whether the evidence supports the trial court's finding that the defendants wilfully and knowingly advertised the plaintiff's product at less than the Fair Trade price.

The defendants contend the evidence in the record does not support the trial court's finding that the defendants "did wilfully and knowingly offer for sale and sell said Cutty Sark Scotch Whisky at $6.19 per fifth, wherein the minimum Fair Trade price was $6.59 per fifth." The defendants base this contention on their assertion that no evidence was presented to either show the defendants were mailed a schedule containing the Fair Trade prices of Cutty Sark Scotch Whisky or that they received such schedule. In light of this fact, the defendants urge this court to

accept the position that the trial court could not find the defendants wilfully and knowingly offered for sale and sold Cutty Sark Scotch Whisky at less than Fair Trade prices.

■■ We cannot accept this contention promulgated by the defendants. The record once again reflects the trial court was presented with evidence to support its eventual finding that the defendants wilfully and knowingly offered for sale and sold Cutty Sark Scotch Whisky at less than Fair Trade prices. The testimony which Phil Bleecker, the managing editor of the Illinois Beverage Journal, presented to the court established the fact not only that the schedule of the Fair Trade prices of Cutty Sark Scotch Whisky were listed in the Journal, but also that both defendants were paid subscribers to the magazine on the date of the alleged Fair Trade violations. Furthermore, the trial court also heard the testimony of William Walsh, the manager of the plaintiff's regional marketing representative, who testified to personally informing Albert A. Pauley, general manager of the defendant corporation, of the Fair Trade prices of Cutty Sark Scotch Whisky prior to the alleged violations. For these reasons, we necessarily find the trial court had more than adequate evidence before it to support its finding of fact that the defendants wilfully and knowingly offered for sale and sold Cutty Sark Scotch Whisky at less than its Fair Trade price.

The fourth issue presented for review is whether the plaintiff's "minimum" Fair Trade prices are valid and enforceable under the Illinois Fair Trade Act.

The defendants contend the Fair Trade contract executed by the plaintiff calls for retailers to sell its products to the consumer at "stipulated" prices. The defendants further contend the Illinois Fair Trade Act provides only for "stipulated" prices to the consumer. Since the plaintiff's Fair Trade price list only contains "minimum" prices to the consumer, the defendants argue the plaintiff's Fair Trade contract as well as the prices issued under it are therefore void against nonsigners, which the defendants claim to be.

■■ The whole thrust of the Illinois Fair Trade Act is to prevent a violation of a Fair Trade contract by a sale or advertisement below an established price, thereby giving an unfair advantage to the party so advertising or selling. The language in the plaintiff's Fair Trade contract likewise reflects this as its intention. If we adopt the semantic argument urged by the defendants, we will be acting contrary to the very thrust of the Illinois Fair Trade Act as well as the intention of the parties to Fair Trade contract in question. This we refuse to do.

The fifth contention presented for review is whether the trial court

erred in striking the defendants' allegation that the plaintiff's action constitutes both State and Federal anti-trust violations.

The defendants contend the trial court improperly found the affirmative defense wherein they alleged the plaintiff's attempted enforcement of its Fair Trade contract amounted to violations of both Federal and State anti-trust laws as "not germane to the issues in this case." In support of this contention, the defendants rely on the decision in *Sunbeam Corp. v. Central Housekeeping Mart, Inc.* (1954), 2 Ill.App.2d 543, which they assert holds such an affirmative defense to be a valid defense.

We cannot accept this contention presented by the defendants. The reason for this decision is quite apparent if the court's opinion in the *Sunbeam* case, relied upon by the defendants, is viewed in its proper perspective. In *Sunbeam*, the reviewing court reversed the decision of the trial court granting a permanent injunction and held that the defendant's affirmative defense of horizontal conspiracy in violation of the Sherman Act required a reply prior to the trial court entering a permanent injunction. In the instant case, the record reflects the plaintiff replied to the affirmative defense filed by the defendants. We therefore find no reason to apply the decision in the *Sunbeam* case to the instant situation. Moreover, the trial court properly found the defendants' affirmative defense as not germane to the issues herein.

The final issue presented for review is whether the injunction issued by the trial court is specific as to its terms.

The defendants contend the permanent injunction issued by the trial court lacks the relative specificity required by the respective statutory section pursuant to which it was issued, namely, Ill. Rev. Stat., ch. 69, Sec. 3—1. In support of this contention, the defendant relies on the decision in *Illinois School Bus Co. v. South Suburban Safeway Lines, Inc.* (1971), 132 Ill.App.2d 833, wherein the court held a temporary injunction invalid for failure to concisely and clearly advise the defendant of the conduct enjoined.

■■ The decision in *Illinois School Bus Co. v. South Suburban Safeway Lines, Inc., supra,* rendering the temporary injunction invalid, is readily distinguishable from the instant case. The injunction involved in the *Illinois School Bus* case, unlike the instant injunction, placed a burden on the defendant of construing three statutory provisions and determining which of the statutes were to be applied so as to comply with the injunction. The instant injunction, however, does not present such a problem. The product which the defendants are enjoined from advertising, offering for sale and selling is specifically set forth in the instant injunction. The injunction also lists the Fair Trade price of the product,

Cutty Sark Scotch Whisky. We thus hold the permanent injunction entered by the trial court is valid.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and JOHNSON, J., concur.