THE BUCKINGHAM CORPORATION, Plaintiff-Appellee, *v.* ROBERT VESOLOW-SKI *et al.,* d/b/a BOB'S LIQUORS, Defendants-Appellants.

(No. 57798; )

First District (3rd Division)—December 27, 1973.

Allen H. Schultz, of Chicago, for appellants.

Morton Siegel, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an interlocutory appeal from an order of the circuit court of Cook County granting plaintiff a preliminary injunction. This order was issued as a result of alleged violations of the Illinois Fair Trade Act (Ill. Rev. Stat. 1971, ch. 121½, pars. 188—191.) By its terms, the defendants were restrained from wilfully and knowingly advertising, offering for sale or selling plaintiff's product below certain fair trade prices as set forth in the order.

Defendants present seven issues for review. Defendants contend that the trial court erred in ordering an evidentiary hearing and issuing a preliminary injunction while an interlocutory appeal from a previous order was pending in the appellate court; that plaintiff failed to prove "fair and open" competition as required by statute; that the plaintiff erred in applying for a temporary injunction; that plaintiff failed to prove that the execution of a fair trade contract; that plaintiff's price list providing for "minimum" prices did not comply with the Illinois Fair Trade Act which provided for "stipulated" prices; that the promotional activities of plaintiff, a foreign corporation, were so intrastate in nature as to require plaintiff to obtain a certificate of authority before it might sue in Illinois courts; and that the form of the injunctional order was invalid.

We reverse and remand.

The procedural framework of the case follows. The Buckinham Corporation, a Delaware corporation, is engaged in the business of selling and distributing Cutty Sark Scotch Whisky throughout the United States including Illinois. Defendants are engaged in the retail liquor business at a store in Calumet City, Illinois. On December 10, 1970, plaintiff filed a verified complaint in the circuit court of Cook County for temporary and permanent injunctive relief. It alleged that defendants had violated a fair trade agreement which plaintiff and another retail liquor establishment in Chicago had executed in accordance with the Illinois Fair Trade Act. The alleged violation consisted of advertising plaintiff's product in a Hammond, Indiana newspaper below the price stipulated in the fair trade agreement.

On January 19, 1971, the trial court entered a temporary injunction on the basis of the complaint. At this point in the proceedings defendants had not yet filed an answer. On October 21, 1971, the court entered a consent decree which vacated the temporary injunction order and provided that defendants would consent to the entry of a permanent injunction should they violate the fair trade agreement. The court also retained jurisdiction to enter further orders for the purpose of carrying

out the decree. The only findings set out in the decree were that the trial court had jurisdiction over the subject matter and the parties and the complaint stated a cause of action.

On December 28, 1971, plaintiff filed a petition for a temporary injunction, which alleged that on December 12, 1971 defendants sold its product below the current fair trade price. Defendants filed a verified reply to this petition which denied some of its allegations and alleged affirmative matter. Plaintiff filed a verified reply to the affirmative matter.

On January 18, 1972, the trial court entered the first of five consecutive injunctional orders on the basis of the December 12, 1971 violation. The last of these orders expired by its own terms on March 10, 1972. On March 9, 1972, defendants filed their notice of interlocutory appeal. That is not the appeal now before us.

On April 27, 1972, pursuant to leave granted by the trial court, plaintiff filed an amended complaint which alleged that on five separate occasions (January 13, 1972, January 14, 1972, April 6, 1972, April 7, 1972, April 8, 1972) defendants knowingly advertised its product in Chicago newspapers below the current fair trade prices. On May 9, 1972 a hearing was held on plaintiff's application for a preliminary injunction. By the hearing date defendants had not filed an answer to plaintiff's complaint. During the hearing defendants requested an opportunity to reply to plaintiff's amended complaint, and the court granted this request. Defendants further requested that the hearing proceed as if they had filed an answer which neither admitted nor denied the allegations of the complaint, but demanded strict proof thereof. Apparently the trial court also acquiesced in this request. At the hearing plaintiff presented five witnesses, which defendants extensively cross-examined. Defendants presented no witnesses. On May 18, 1972 the trial court entered an order granting a preliminary injunction. Defendants' appeal from that order is now before us.

We deem it necessary to discuss only the issue of whether the plaintiff sustained its burden of proof on the allegation in its complaint that its product was in "free, fair and open competition with commodities of the same general class, produced by others, and sold and distributed throughout Illinois." The Illinois Fair Trade Act provides in pertinent part:

> "§ 1. No contract relating to the sale or resale of a commodity which bears, or the label or content of which bears, the trade mark, brand or name of the producer or owner of such commodity and which is in fair and open competition with commodities of the same general class produced by others shall be deemed in violation of any law of the State of Illinois by reason of any of

the following provisions which may be contained in such contract:

(1) That the buyer will not resell such commodity except at the price stipulated by the vendor.

(2) That the producer or vendee of a commodity require upon the sale of such commodity to another, that such purchaser agree that he will not, in turn, resell except at the price stipulated by such producer or vendee." (Ill. Rev. Stat. 1971, ch. 121½, sec. 188.)

■■ The intended purpose of the Illinois Fair Trade Act was to protect the producer's goodwill in a trademarked product against the use of the product as a "loss leader by those who would sell it for the purpose only of inveigling the public into patronizing their places of business, in the hope of obtaining a profit on other goods of inferior quality." (*Triner Corporation v. McNeil,* 363 Ill. 559, 569, 2 N.E.2d 929, 934.) On the other hand, the Illinois Fair Trade Act is an exception to the general state anti-trust policy against unlawful price fixing. (*Heublein, Inc. v. Foremost Sales Promotions, Inc.,* 14 Ill.App.3d 114, 302 N.E.2d 233.) By restricting resale price maintenance contracts to those commodities which are in fair and open competition with others of the same general class, the legislature had intended to strike a balance between the public interest against unlawful price fixing and the producer's property right in the goodwill of his product.

Defendants have drawn our attention to Pennsylvania fair trade cases decided under a state statute similar to ours. Pennsylvania courts have required a strict showing of fair and open competition when requested to order injunctive relief in cases of alleged violations of its fair trade act. In *Gulf Oil Corp. v. Mays,* 401 Pa. 413, 164 A.2d 656, the Pennsylvania Supreme Court held that an admission in defendant's answer that plaintiff's product was in fair and open competition without further evidence of the fact was insufficient to justify a permanent injunction. In *Mead Johnson & Co. v. Breggar,* 410 Pa. 408, 189 A.2d 866, a case concerning plaintiff's pharmaceutical product Metrecal, the court held that the parties could not agree to the issuance of an injunctional order, absent an adjudication that plaintiff's product was in fair and open competition. Similarly, in *Gillette Co. v. Master,* 408 Pa. 202, 182 A.2d 734, defendant neither admitted nor denied but demanded strict proof of the allegation of fair and open competition. Later the parties attempted to stipulate to the entry of a preliminary injunction, but the trial court refused to grant the order, and the Pennsylvania Supreme Court affirmed.

■■ Recent Illinois cases have considered the sufficiency of evidence of fair and open competition in the record to sustain injunctive relief

under the Illinois Fair Trade Act. In *Kobrand Corp. v. Foremost Sales Promotions, Inc.*, 8 Ill.App.3d 418, 291 N.E.2d 61, defendant's verified answer stated that it did not have sufficient knowledge to form a belief regarding the allegation of fair and open competition in plaintiff's complaint. At the hearing plaintiff's evidence of fair and open competition consisted of expert testimony that in the import field plaintiff's gin product was in competition with three or four other brands and evidence that plaintiff's product was one of the leading gins regarding sales. This was held sufficient proof of fair and open competition to justify the issuance of a preliminary injunction. In other cases, this court has sustained the issuance of permanent injunctions where the evidence, while uncontroverted, consisted almost solely of the testimony of a person who was familiar with the retail liquor industry that plaintiff's product was in competition with other brands. (See *Heublein, Inc. v. Foremost Sales Promotions, Inc.*, 14 Ill.App.3d 114, 302 N.E.2d 233; *Taylor Wine Co., Inc. v. Foremost Sales Promotions, Inc.*, 12 Ill.App.3d 1042; *Buckingham Corporation v. Modern Liquors, Inc.*, (1973), 15 Ill.App.3d 845.) While these cases might indicate a comparatively greater laxity in Illinois as compared to Pennsylvania towards enforcing strict compliance with the fair and open competition provision of the statute, nevertheless on the instant record we find that the trial court erred in granting the preliminary injunction.

The reason for this conclusion is that our examination of the transcript of the hearing on the application for the preliminary injunction revealed practically no evidence which was probative of fair and open competition. The only relevant evidence was testimony that plaintiff advertised extensively in Illinois. Plaintiff argues that because this was an application for a preliminary injunction it needed merely to show a probability of ultimate success on the merits in order to have prevailed. We agree with this general statement of the law (see *Kobrand Corp. v. Foremost Sales Promotion, Inc.*, 8 Ill.App.3d 418, 291 N.E.2d 61) but find that sufficient evidence of fair and open competition was lacking.

■■ Defendants argue that the trial court could have taken judicial notice of the alleged fact that Cutty Sark Scotch Whisky is in fair and open competition. We find no merit in this argument. The record does not indicate whether the trial court did, in fact, take judicial notice of the fact. In any case, the allegation of fair and open competition is an essential allegation of plaintiff's complaint. (*Sunbeam Corp. v. Central Housekeeping Mart, Inc.*, 2 Ill.App.2d 543, 120 N.E.2d 362.) We do not believe that the fact that Cutty Sark Scotch Whisky is in fair and open competition has been so well determined, that we should extend the

doctrine of judicial notice and dispense with requiring evidence to be introduced on this material issue.

The fact that in other litigation before this court, The Buckingham Corporation has been able to meet the burden of proving that its product was in fair and open competition cannot be controlling here. On the instant appeal we are bound by the record in the case and it fails to contain sufficient evidence. Accordingly, the order of the circuit court of Cook County entering the preliminary injunction is reversed, and the injunction is dissolved. The case is remanded for further proceedings not inconsistent with the holdings of this opinion.

Reversed and remanded.

DEMPSEY, P. J., and McNAMARA, J., concur.