530

THE BUCKINGHAM CORPORATION, Plaintiff-Appellee, *v.* CARAVAN LIQUORS, INC., Defendant-Appellant.

(No. 57797; )

First District (3rd Division)—December 13, 1973.

Allen H. Schultz, of Chicago, for appellant.

Morton Siegel, of Chicago (Kenneth S. Freedman, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, a Delaware corporation, filed a verified complaint in the circuit court of Cook County seeking temporary and permanent injunctive relief from an alleged violation by defendant of plaintiff's fair trade agreement, allegedly executed in accordance with the provisions of the Illinois Fair Trade Act. (Ill. Rev. Stat. 1971, ch. 121½, par. 188 *et seq.*) The gist of the complaint was that defendant advertised plaintiff's liquor products in a Chicago newspaper at a price below the minimum provided in plaintiff's fair trade agreement. Defendant filed a verified answer either denying or demanding strict proof of the essential allegations of the complaint. After conducting an evidentiary hearing, the trial court

issued a preliminary injunction enjoining defendant from wilfully and knowingly advertising, offering for sale, or selling plaintiff's product in violation of the fair trade agreement during the pendency of the trial. Defendant filed this interlocutory appeal seeking review of that order.

Defendant contends that the plaintiff failed to prove its products were in fair and open competition; that plaintiff failed to prove defendant wilfully and knowingly advertised plaintiff's product; that plaintiff failed to prove due execution of a fair trade contract; that the plaintiff's fair trade contract was illegal against a non-signer because it provided for minimum rather than absolute stipulated prices; that the plaintiff cannot maintain a cause of action in Illinois because it failed to obtain a certificate of authority to do business in Illinois as provided by Ill. Rev. Stat. 1971, ch. 32, pars. 157.102 and 157.125; and that the injunction lacked the required degree of specificity mandated in Ill. Rev. Stat. 1971, ch. 69, par. 3—1. Defendant also argues that the trial court erred in ordering an evidentiary hearing and issuing an injunction regarding another alleged violation of the agreement occurring after defendant's notice of appeal had been filed.

We deem it necessary to discuss only defendant's contention that plaintiff failed to prove defendant wilfully and knowingly advertised plaintiff's product.

The injunction in question recited that plaintiff gave notice of its schedule of minimum retail fair trade prices and that defendant had knowledge of said fair trade prices. The order also stated that defendant "wilfully and knowingly" advertised in Chicago newspapers liquor manufactured by plaintiff and protected by the fair trade agreement at prices below the minimum stipulated in the agreement.

■■ Plaintiff is required to show that defendant wilfully and knowingly advertised its product at a price lower than that stipulated in the agreement. (Ill. Rev. Stat. 1971, ch. 121½, par. 189.) In *Old Dearborn Co. v. Seagram Corp.* (1936), 299 U.S. 183, the United States Supreme Court emphasized the importance of proving the scienter element when it stated at page 193:

> "It is first to be observed that § 2 [§ 189] reaches not the *mere* advertising, offering for sale or selling at less than the stipulated price, but the doing of any of these things *wilfully* and *knowingly*. We are not called upon to determine the case of one who has made his purchase in ignorance of the contractual restriction upon the selling price, but of a purchaser who has had definite information respecting such contractual restriction and who, with such knowledge, nevertheless proceeds wilfully to resell in disregard of it."

The record in the present case reveals the following evidence relating to the scienter issue: the Illinois Beverage Journal is a publication dealing with matters of general interest to those involved in the retail and beverage industries in Illinois. It also runs advertisements and beverage price schedules for a charge. A retailer has to subscribe to the Journal in order to receive it, and defendant did so. The December 1, 1969, issue of the Journal contained an advertisement submitted by plaintiff of its fair trade schedule of prices and sizes of certain name brands of liquor, admitted into evidence as plaintiff's Exhibit 2. The Journal also published a document entitled "Amended Fair Trade Price Schedule, Effective December 1, 1969, to all Retail Liquor Dealers," which also contained plaintiff's fair trade schedule and which was admitted into evidence as plaintiff's Exhibit 3.

The managing editor of the Journal testified in cross-examination that he had no personal knowledge that defendant received copies of the foregoing exhibits. He testified that Mossner Printing Service did the Journal's printing, and that Mossner, in turn, was instructed to deliver the printed copies of Milan Mailing Service. Milan was ultimately responsible for mailing the Journal's printing. The editor further stated that Milan would mail to the Journal a copy of each mailing piece sent to the subscriber as "proof" of its actual mailing to the subscribed. The editor finally testified that Milan's service to the Journal was accurate and dependable for the 17 years it had done the mailing.

In *Buckingham Corporation v. Ewing Liquors Co.* (1973), No. 57927, 15 Ill.App.3d 839, this court, under facts and circumstances almost identical to the present case, held that plaintiff failed to sufficiently prove notice to defendant of its fair trade prices. We agree with the conclusion and adhere to the result of that decision.

■■ The evidence in the present case is clearly insufficient to rebut defendant's denial of receipt of notice as to plaintiff's price schedule. The Journal editor was the only witness offered by the plaintiff to prove defendant had knowledge of its price schedule. However, the editor had no personal knowledge that either of the exhibits had in fact been sent to defendant. The procedure outlined by the witness indicated that Milan Mailing Service was responsible for sending out the material to the subscribers. No direct testimony was forthcoming from anyone employed at Milan concerning the actual mailing of these items to defendant. Moreover, plaintiff failed to show Milan's general business practice with reference to mailing letters and its conformance to that practice on the date in question, and consequently failed to raise even a presumption of mailing. (*State Bank of East Moline v. Standaert* (1948), 335 Ill.App.

519, 82 N.E.2d 393.) Plaintiff therefore failed to prove one of the necessary elements of its action.

Plaintiff's contention that its Exhibit 3 was uncontroverted and hence dispositive of the issue is without merit. Both exhibits were allegedly mailed in the same manner; defendant disclaimed notice of both of them; plaintiff's evidence regarding the mailings was the same for both. As a matter of law, the testimony adduced by plaintiff did not meet the necessary quantum of proof.

Citing *Kinsey Sales Co. v. Foremost Liquors* (1958), 15 Ill.2d 182, 154 N.E.2d 290, plaintiff also urges that it need only show knowledge on the part of defendant and that this can be achieved without notice. The principle is correct, but has no applicability to the present case. In that case, defendants did not disclaim knowledge of the fair trade contract at the time of acquiring the merchandise, but their objection was based on the fact that the order did not specifically find that they had such knowledge. In the instant case, defendant has consistently denied any knowledge of the fair trade contract.

Accordingly, the order of the circuit court of Cook County entering the preliminary injunction is reversed, and the injunction is dissolved. The cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Reversed and remanded.

DEMPSEY, P. J., and McGLOON, J., concur.