THE BUCKINGHAM CORPORATION, Plaintiff-Appellee, *v.* FOREMOST SALES PROMOTIONS, INC., Defendant-Appellant.

(No. 57795; ▮▮▮▮▮▮▮▮▮▮▮▮▮

First District (3rd Division)—December 27, 1973.

Allen H. Schultz, of Chicago, for appellant.

Morton Siegel, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an interlocutory appeal from an order granting plaintiff a preliminary injunction. This action is based on alleged violations of the Illinois Fair Trade Act (Ill. Rev. Stat. 1971, ch. 121½, pars. 188—191.) After an evidentiary hearing in the circuit court of Cook County the trial court entered an order restraining the defendant from wilfully and knowingly advertising, offering for sale, or selling plaintiff's product below currently fixed prices as stipulated in a fair trade agreement, and set forth in the order.

Defendant presents nine issues for review. Defendant contends that the trial court erred in authorizing plaintiff to amend its complaint, ordering an evidentiary hearing and issuing a preliminary injunction while a previous interlocutory appeal was pending in this court; that plaintiff failed to prove its product was in fair and open competition as required by the statute; that plaintiff failed to prove that defendant wilfully and knowingly sold its product below the fixed prices; that plaintiff failed to prove the execution of a fair trade contract; that plaintiff's price list providing for "minimum" prices did not comply with the Illinois Fair Trade Act which provided for a "stipulated" price; that the promotional activities of plaintiff, a foreign corporation, were so intrastate in nature as to require plaintiff to obtain a certificate of authority before it might sue in Illinois courts; that the form of injunctional order was invalid; that the complaint was not properly verified; and that the alleged fair trade contract did not apply to it.

We reverse and remand.

The procedural framework of the case follows. On January 7, 1972, plaintiff, The Buckingham Corporation, a Delaware corporation, filed a verified complaint for temporary and permanent injunctive relief. Plaintiff alleged that on January 6, 1972, defendant violated its fair trade agreement. Defendant filed a verified answer which either denied or demanded strict proof of the material allegations of the complaint, and presented affirmative defenses. Shortly thereafter, plaintiff filed a motion for a temporary injunction.

On January 18, 1972, the trial court entered the first of five consecutive injunctional orders. The orders were issued without a hearing and were each of relatively short duration. The last order ended by its own terms on March 10, 1972. On March 9, 1972, defendant filed its notice of interlocutory appeal from the last of the five orders entered. That is not the appeal now before us.

On April 27, 1972, pursuant to leave granted by the trial court, plaintiff filed a second amended complaint. Attached to the complaint were copies of four advertisements which appeared in Chicago newspapers on

different dates. Plaintiff alleged that each of these four advertisements constituted a violation of its fair trade agreement. Two of these violations were alleged to have occurred after the March 9, 1972 notice of interlocutory appeal was filed.

On May 9, 1972, an evidentiary hearing was held. At the hearing, defendant neither admitted nor denied the allegations of the second amended complaint, but demanded strict proof. Plaintiff offered various exhibits into evidence and presented five witnesses. Defendant extensively cross-examined these witnesses, but presented none of its own. On the basis of the evidence adduced at this hearing, on May 18, 1972, the trial court issued a preliminary injunction from which defendant has taken this interlocutory appeal. The appropriateness of the preliminary injunction is the subject matter of this appeal.

Proceeding to defendant's contention that plaintiff failed to prove defendant wilfully and knowingly advertised plaintiff's product in violation of the fair trade agreement, we cite our recent opinion in *The Buckingham Corporation v. Caravan Liquors, Inc.* (1973, No. 57797), 16 Ill.App.3d 530, in which we considered this contention and reversed a similar preliminary injunction order. *The Buckingham Corporation v. Caravan* and the instant case were two of four fair trade cases prosecuted by plaintiff against various retail liquor establishments. On May 9, 1972, all four cases had proceeded to the preliminary injunction stage. At the hearing of that date, the trial court considered evidence relating to all four cases together and entered a preliminary injunction in each case. The evidence on the issue of knowledge was the same in the instant case as it was in *Caravan*. In that case we held that plaintiff failed to sufficiently prove that defendant had knowledge of plaintiff's fair trade agreement. On the basis of that decision we reach the same result in the instant appeal.

Plaintiff alleged that defendant was notified of the current fair trade price schedule of its product and that on five separate occasions it knowingly advertised its product at less than the current fair trade prices. Defendant's answer denied that it was notified of the current fair trade prices. Defendant also alleged that it otherwise had no knowledge of plaintiff's fair trade agreement. In its order of May 18, 1972, the trial court specifically found that plaintiff had given notice of its fair trade prices and that defendant had knowledge of these prices. We do not agree with the conclusion of the trial court.

■■ In view of defendant's denial that it had received notice the trial court acted properly in holding a hearing on the issue of defendant's knowledge before it issued a preliminary injunction. (*Centennial Laundry Co. v. West Side Organization*, 34 Ill.2d 257, 215 N.E.2d 443.) The

Illinois Fair Trade Act reaches those situations were defendant knowingly advertises a fair traded product below the stipulated price. (Ill. Rev. Stat. 1971, ch. 121½ par. 189.) At the hearing plaintiff was required to show that defendant knowingly violated its fair trade agreement.

■■ Plaintiff's burden of proof on this issue was not as severe as it would have been had this been an application for final injunctive relief. Because it was an application for a preliminary injunction, plaintiff was required to show the likelihood of ultimate success on the merits. (*O'Brien v. Matual*, 14 Ill.App.2d 173, 144 N.E.2d 446.) Subject to this burden of proof and certain rules of equity, the issuance of a preliminary injunction rests within the sound discretion of the trial court. (*Schlicksup Drug Co. v. Schlicksup*, 129 Ill.App.2d 181, 262 N.E.2d 713.) In the instant case we find that the evidence presented on the issue of defendant's knowledge was insufficient to discharge plaintiff's burden of proof, and that the trial court abused its discretion in issuing the preliminary injunction.

At the hearing plaintiff presented evidence to show that defendant received notice of its current fair trade prices. This evidence is set forth and discussed in our opinion in *The Buckingham Corporation v. Caravan Liquors, Inc.* (1973, No. 57797), 16 Ill.App.3d 530. The essence of plaintiff's evidence was that plaintiff's mailing service had sent defendant a copy of a fair trade price schedule and a copy of the Illinois Beverage Journal which contained the same price schedule as an advertisement. As in the *Caravan* case, we have decided that the evidence failed to raise even a presumption of mailing. (*State Bank of East Moline v. Standaert*, 335 Ill.App. 519, 82 N.E.2d 393.) Plaintiff's attempt to show that defendant had knowledge of the current fair trade prices consisted solely of presenting evidence that defendant received notice of such through the mail. In its answer and throughout the proceedings, defendant denied any knowledge of plaintiff's fair trade agreement. Therefore, plaintiff's failure on the notice issue was fatal to its attempt to sufficiently prove that defendant knowingly violated the fair trade agreement. In view of this holding, we deem it unnecessary to discuss defendant's other contentions.

Accordingly, the order of the circuit court of Cook County entering the preliminary injunction is reversed, and the injunction is dissolved. The cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DEMPSEY, P. J., and McNAMARA, J., concur.